## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

Martin W. Aron (MA2008)
EDWARDS ANGELL PALMER & DODGE LLP
750 Lexington Avenue
New York, New York   10022
 (212) 308-4411
Attorneys for Defendant

|  |  |
|---|---|
| ROBERT E. BERNARD,<br><br>                     Plaintiff,<br><br>v.<br><br>HELEN GRACE SPENCER, a/k/a HELEN<br>GRACE McDERMID, a/k/a/ HELEN<br>McDERMID SPENCER,<br><br>                   Defendant. | **ROBINSON**<br>No.  **07 CIV. 7813**<br><br>**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK** |

TO:    J. Michael McMahon, Clerk of Court
        United States District Court, Southern District of New York
        United States Courthouse
        300 Quarrapos Street
        White Plains, New York 10681-4150

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant Helen Grace Spencer

("Defendant"), by her counsel Edwards Angell Palmer & Dodge LLP, files this Notice of

Removal of this civil action from the Supreme Court of the State of New York, County of

Westchester, to the United States District Court for the Southern District of New York.   In

support of her Notice of Removal, Defendant states as follows:

      1.      State Court Action

Plaintiff Robert Bernard ("Plaintiff") filed this action against Defendant in the Supreme

Court of the State of New York, County of Westchester, Index No. 22122/2006.   The Summons

and Complaint (the "Original Complaint") was served by Plaintiff on Defendant on or about November 9, 2006. The Original Complaint alleged a single cause of action for promissory estoppel. A copy of the Original Complaint is attached hereto as Exhibit A.

By the court's order of August 8, 2007, Plaintiff was granted leave amend the Original Complaint. A copy of the court's August 8, 2007 Order is attached hereto as Exhibit B.

On August 14, 2007, Plaintiff filed an amended complaint (the "Amended Complaint"). The Amended Complaint contains two additional counts, sounding in fraud and abuse of process. Plaintiff's new claims, especially his claim for abuse of process, arise out of facts different than those set forth in the Original Complaint. A copy of the Amended Complaint is attached hereto as Exhibit C.

2. Diversity of Citizenship

The Amended Complaint alleges that plaintiff is a resident of Rockaway Township, Morris County, New Jersey. Defendant is a resident of Rye Brook, Westchester County, New York. As such, the parties have been citizens of different states as required by 28 U.S.C. § 1332 both (i) at the time the Original Complaint was filed and (ii) at the time this Notice of Removal was filed.

3. Amount in Controversy

Based upon the allegations of the Amended Complaint, it cannot be said that the Amended Complaint seeks less than $75,000, exclusive of interest and costs.

4. Diversity Jurisdiction

Accordingly, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, and this action may be removed pursuant to 28 U.S.C. § 1441(a).

5. Timeliness of Notice of Removal

Defendants were served with the Original Complaint on or about November 9, 2006. At the time the Original Complaint was filed, the parties were diverse pursuant to 28 U.S.C. § 1332. The Amended Complaint was filed on August 14, 2007, and did not create any new basis for removal. Because the action was "removable" at the time the Original Complaint was filed, removal under 28 U.S.C. § 1446(b) would be untimely at this time.

However, the Southern District of New York has recognized an exception to 28 U.S.C. § 1446, known as the "revival exception." See In re Methyl Tertiary Butyl Ether Products Liability Litig., 2006 WL 1004725, *3 (S.D.N.Y. April 17, 2006) (hereinafter "In re Methyl"); Casale v. Metropolitan Transportation Authority, 2005 WL 3466405, *4 (S.D.N.Y. Dec. 19, 2006). The revival exception authorizes removal beyond the 30-day period of 28 U.S.C. § 1446(b) in cases where (1) the complaint was "initially removable," (2) the defendant elects to remain in state court, and (3) plaintiff subsequently files "an amended pleading [that] changes the nature of the case." In re Methyl, 2006 WL 1004725, at *3. Where these requirements are met, Defendant's right to removal is revived. Id.

The facts of this case meet the requirements of the revival exception. The parties to the Original Complaint were diverse pursuant to 28 U.S.C. § 1332. As such, the case was initially removable. Defendant had the option to remove, but instead elected to remain in state court to resolve Plaintiff's lone promissory estoppel claim. Finally, after the expiration of the 30-day deadline for removal pursuant to 28 U.S.C. § 1446(b), Plaintiff amended his complaint in a manner that essentially sets forth an entirely new lawsuit. First, the Amended Complaint for the first time asserts a claim of fraud, which exponentially expands Defendant's potential liability for the alleged intentional acts. Second, the Amended Complaint asserts an abuse of process claim that arises out facts wholly independent from those upon which the Original Complaint was

based.    Third, the Amended Complaint incorporates a prayer for damages that is exactly threefold larger than the damages alleged in the Original Complaint.

Because the Amended Complaint sets forth claims drastically different in scope and in subject matter than the Original Complaint, Defendant's right of removal has been "revived" under the revival exception to 28 U.S.C. § 1446(b).

      6.    <u>Relief Requested</u>

Defendant requests that the United States District Court for the Southern District of New York assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

      7.    Defendant has served a copy of this Notice of Removal upon Plaintiff *pro se*, at 82 Timberbrook Road, Rockaway, New Jersey, 07866.  The manner of service is set forth in the attached Certification of Service.

      8.    In addition to filing this Notice of Removal in the Office of the Clerk of the United States District Court for the Southern District of New York, Defendant is causing a copy of this Notice of Removal to be filed with the Clerk of the Supreme Court of New York, County of Westchester, to effect removal of this action to the United States District Court pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant prays that this action be removed from the Supreme Court of New York, County of Westchester, to the United States District Court for the Southern District of New York, White Plains vicinage, and further requests that the action thereafter proceed in this Court as an action properly removed thereto.


Martin W. Aron (MA2008)
EDWARDS ANGELL PALMER & DODGE LLP
750 Lexington Avenue
New York, New York 10022
(212) 308-4411
Fax: (888)325.9238
Email: maron@eapdlaw.com
Attorneys for Defendant Helen Grace Spencer


Dated: August 31, 2007

TO:     Robert E. Bernard, plaintiff *pro se*
        82 Timberbrook Road
        Rockaway, New Jersey  007866

NWK_204955_1.DOC

## AFFIRMATION OF SERVICE

Martin W. Aron, Esq., affirms under penalty of perjury pursuant to CPLR 2106 that he is an attorney admitted to practice in the United States District Court, Southern District of New York, a member in good standing of this Court, over the age of 18 years, not a party to this action, resides in Union County, New Jersey, and that on the 31st day of August 2007 he served a true copy of the annexed notice of removal upon:

    Robert E. Bernard, plaintiff *pro se*
    82 Timberbrook Road
    Rockaway, New Jersey  07866

by enclosing a true copy of same and sending via Federal Express next business delivery.

                                      Martin W. Aron

NWK_204955_1.DOC

EXHIBIT A

FILED

NOV - 9 2006

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF WESTCHESTER

ROBERT E.BERNARD

Plaintiff.

against

HELEN GRACE SPENCER aka
HELEN GRACE MCDERMID aka
HELEN MCDERMID SPENCER
Defendant

COMPLAINT

PROMISSORY ESTOPPEL

Index No. 22122/06

Judge.........................................

TRIAL BY A JURY IS DEMANDED

Robert E. Bernard
Plaintiff Pro Se
82 Timberbrook Road
Rockaway, New Jersey 07866
Telephone 973 627 2007

Dated at Rockaway, New Jersey
November 9 , 2006

Robert E. Bernard

ROBERT E. BERNARD

Plaintiff

AS AND FOR A CAUSE OF ACTION FOR PROMISSORY ESTOPPEL

Plaintiff pro se Robert E. Bernard, hereinafter mentioned as Plaintiff, complains of Defendant Helen Grace Spencer as follows:

1. That at the time the cause of action arose Defendant was a resident of Rye Brook, Westchester County, New York and Defendant is, upon information and belief, presently residing at the aforementioned location. That at the time the cause of action arose Plaintiff was a resident of Rockaway Township, Morris County, New Jersey and is presently residing at the aforementioned location.

2. That Plaintiff was employed by Defendant as her Personal Assistant for about thirteen years prior to on or about June 30, 2005. That in the early days of 2004 Defendant first made an oral promise to Plaintiff to provide him with a pension should he choose to retire from her employment. That in the late days of June 2005 Defendant made an oral promise to Plaintiff to provide him with a pension of $3,500 per month for thirteen years i.e exactly $546,000 – should he choose to retire from her employment. That in the late days of June 2005 Defendant made an oral promise to Plaintiff to take under consideration an alternative procedure of making monthly installments to Plaintiff in multiples of $3,500.00, up to and including a single lump sum payment of the entire sum remaining due over the full pension term, should he choose to retire from her employment.

3. That Plaintiff knew and then did reasonably rely upon the specific promises made by Defendant and retired from her employment on or about June 30, 2005.

4. That commencing on or about July 1, 2005 Plaintiff did receive monthly payments pursuant to the specific promises made by Defendant.

2

That Plaintiff continued to receive pension installments from Defendant

through on or about April 26, 2006. That pension installments were received

by Plaintiff in separate sums of $3,500.00 or in multiples of $3,500.00. That

said paid installments totaled $56,000.00. A copy of pension installments

numbered thirteen and fourteen is annexed hereto as EXHIBIT A.

5. That Plaintiff has demanded continued payment of Defendant both orally

and in writing. That on October 2, 2006 Plaintiff mailed to Defendant a

certain letter demanding an immediate payment of $21,000.00 then due

and owing to Plaintiff from Defendant. A copy of said letter is annexed hereto

as EXHIBIT B. That since on or about April 26, 2006 Defendant has continued

to fail to make the pension installments coming due and owing to Plaintiff

pursuant to her speific promises. That there is now immediately due and

owing to Plaintiff from Defendant the sum of $24,500.00 with interest thereon.

That there is due and owing to Plaintiff from Defendant for the full term of the

pension the sum of $490,000.00 with interest thereon .

6. That Plaintiff retired from Defendant's service in reliance upon her specific

promise of a pension totaling $546,000.00 which she promised to provide in

monthly installments of at least $3,500.00. That Defendant has failed to make a

pension installment payment since the late days of April 2006. That Plaintiff is

unjustly damaged as a consequence of his reliance upon Defendant's specific

promises and entitled to such remedy as justice may require and the court provide.

7. WHEREFORE Plaintiff prays for relief in the sum of $490,000.00 to be paid

by Defendant with interest thereon and the fees, costs and disbursements of this

action. That Plaintiff prays for such other, further, or other relief that the court

may find just, proper, and equitable under the circumstances.

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dated:  November 1, 2006 at Rockaway Township, New Jersey

Date of signature:  November 1, 2006

Respectfully,

*Robert E Bernard*

ROBERT E. BERNARD
Plaintiff Pro Se

4

# EXHIBIT B

SUPREME COURT - STATE OF NEW YORK
IAS PART WESTCHESTER COUNTY

**To commence the statutory time
period of appeals as of right
(CPLR 5513[a]), you are advised
to serve a copy of this order,
with notice of entry, upon all
parties.**

```
┌─────────────────────────────┐
│   FILED AND ENTERED         │
│   ON   8-8-  2007           │
│      WESTCHESTER            │
│      COUNTY CLERK           │
└─────────────────────────────┘
```

PRESENT:  HON. JOAN B. LEFKOWITZ

                                                    **Justice**          Index No.:    22122/06
                                                                         Motion Date:  8/3/07

-----------------------------------------------------------------------X
ROBERT E. BERNARD,

                    Plaintiff,

            - against -

HELEN GRACE SPENCER a/k/a HELEN GRACE
McDERMID a/k/a HELEN McDERMID SPENCER,

                        Defendants.
-----------------------------------------------------------------------X

The following papers numbered 1 to 32  read on this renewed motion by defendant to dismiss
complaint and plaintiff's motion to serve amended complaint and for other relief.

|  | Papers Numbered |
|---|---|
| Notice of Motion/Order to Show Cause-Affidavits | 1-2 |
| Plaintiff's Motions | 3-5 |
| Answering Affidavits | |
| Replying Affidavits | 6 |
| Affidavits | |
| Filed Papers___  Additional Plaintiff Papers | 7-10 |
| Pleadings-Exhibits-Stipulations-Minutes | 11-31 |
| Briefs: Plaintiffs/Petitioner's___Def. Resp. | 32 |

Upon the foregoing papers it is ORDERED that the motion by defendant is denied as academic
since the Court grants plaintiff leave to serve an amended complaint in the form proposed, which
service shall be made within twenty (20) days after service of a copy of this order with notice of
entry.  All other relief sought by plaintiff is denied as moot in view of the amended pleading.

Robert E. Bernard
Plaintiff Pro Se
82 Timberbrook Road
Rockaway, New Jersey 07866

Martin W. Aron, Esq.
Edwards Angell Palmer & Dodge, LLP
Attorneys for Defendant
750 Lexington Avenue
New York, New York 10022

DATED:    August 8, 2007          ENTERED: _____
                                              JOAN B. LEFKOWITZ, J.S.C.

Robert E. Bernard
 Plaintiff Pro Se
 82 Timberbrook Road
 Rockaway, New Jersey 07866
 973 627 2007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

ROBERT E. BERNARD                          Index No. 22122/2006
            Plaintiff
        v                                  __ORDER__

HELEN GRACE SPENCER, a/k/a
HELEN GRACE McDERMID a/k/a
HELEN McDERMID SPENCER

THIS MATTER having been brought before the Court by Martin W. Aron, Esq.,

attorney for defendant, for a Renewed Cross-motion to Dismiss Complaint for

Failure to State a  Claim and upon plaintiff Robert E. Bernard for a Renewed Motion

for Leave to Amend Complaint;  An Order for Default Judgment and to Strike

Defendant's Papers; and to Compel Production of Documents, on notice to all counsel

and pro se parties of record, and the Court having considered the papers submitted,

and for good cause having been shown; it is on this 24th day of August 2007

    ORDERED Defendant's  Cross-motion to Dismiss is hereby denied for the reason

set forth in the Court's August 8, 2007 Letter Memorandum and it is further

    ORDERED Plaintiff's Renewed Motion for Leave to Amend Complaint is hereby

granted for the reason set forth in the Court's August 8, 2007 Letter Memorandum and

 it is further

    ORDERED Plaintiff's other motions are denied for the reason set forth in the

Court's August 8,  2007 Letter Memorandum and it is further

    ORDERED that a true copy of this Order shall be served upon all counsel and/or parties

of record with notice of entry within five (5) days of receipt thereof.

                                        SO ORDERED:

                                        _____
                                        HON. JOAN B. LEFKOWITZ, J.S.C.

# EXHIBIT C

1
2
3
4
5
6

SUPREME COURT OF THE STATE OF NEW YORK

7      COUNTY OF WESTCHESTER                        AMENDED COMPLAINT

8      ─────────────────────────────
       ROBERT E. BERNARD
9              Plaintiff

10
11             against

12                                          Index No. 22122-2006

13     HELEN GRACE SPENCER aka              Judge.....Joan B. Lefkowitz.
       HELEN GRACE MCDERMID aka
14       HELEN MCDERMID SPENCER
                 Defendant
15     ─────────────────────────────

16                                 A Trial by Jury is Demanded

17     Robert E. Bernard
        Plaintiff Pro Se
18      82 Timberbrook Road
        Rockaway, New Jersey 07866
19     Telephone 973 627 2007

20     Dated at Rockaway, New Jersey
       August 14, 2007
21                                          *Robert E. Bernard*
22                                          ROBERT E. BERNARD

23                                                Plaintiff
24
25
26
27
28

SUPREME COURT - STATE OF NEW YORK
IAS PART WESTCHESTER COUNTY

**To commence the statutory time
period of appeals as of right
(CPLR 5513[a]), you are advised
to serve a copy of this order,
with notice of entry, upon all
parties.**

```
┌─────────────────────────────┐
│   FILED AND ENTERED          │
│ ON __8-8-__ 2007             │
│     WESTCHESTER              │
│     COUNTY CLERK             │
└─────────────────────────────┘
```

**PRESENT:  HON. JOAN B. LEFKOWITZ**

                                                                    **Justice**

Index No.:     22122/06
Motion Date:  8/3/07

------------------------------------------------------------------X
ROBERT E. BERNARD,

                              Plaintiff,

            - against -

HELEN GRACE SPENCER a/k/a HELEN GRACE
McDERMID a/k/a HELEN McDERMID SPENCER,

                              Defendants.
------------------------------------------------------------------X

The following papers numbered 1 to 32  read on this renewed motion by defendant to dismiss
complaint and plaintiff's motion to serve amended complaint and for other relief.

|  | Papers Numbered |
|---|---|
| Notice of Motion/Order to Show Cause-Affidavits | 1-2 |
| Plaintiff's Motion S | 3-5 |
| Answering Affidavits | |
| Replying Affidavits | 6 |
| Affidavits | |
| Filed Papers___   Additional Plaintiff Papers | 7-10 |
| Pleadings-Exhibits-Stipulations-Minutes | 11-31 |
| Briefs: Plaintiffs/Petitioner's___Def. Resp. | 32 |

Upon the foregoing papers it is ORDERED that the motion by defendant is denied as academic
since the Court grants plaintiff leave to serve an amended complaint in the form proposed, which
service shall be made within twenty (20) days after service of a copy of this order with notice of
entry.  All other relief sought by plaintiff is denied as moot in view of the amended pleading.

Robert E. Bernard
Plaintiff Pro Se
82 Timberbrook Road
Rockaway, New Jersey 07866

Martin W. Aron, Esq.
Edwards Angell Palmer & Dodge, LLP
Attorneys for Defendant
750 Lexington Avenue
New York, New York 10022

DATED:   August 8, 2007          ENTERED: _____

                                                    JOAN B. LEFKOWITZ, J.S.C.

22122-2006

TABLE OF CONTENTS FOR AMENDED COMPLAINT

Table of Contents  i

Notarized Affidavit of Service  ii

Plaintiff's  Notarized Affidavit  iii

Court Order Filed on August 8, 2007  iv

COMPLAINT  pp. 2 - 23

    1. AS FOR A CAUSE OF ACTION FOR PROMISSORY ESTOPPEL  pp. 2 - 3

    2. AS FOR A SECOND CAUSE OF ACTION FOR COMMON LAW FRAUD,

       DECEPTION, AND MISREPRESENTATION   pp. 3 - 5

    3. AS FOR A THIRD CAUSE OF ACTION FOR ABUSE OF PROCESS   pp. 5 - 6

EXHIBITS

    A  Two checks made to the order of plaintiff by defendant as pension installments.p. 7

    B  A letter dated October 2, 2007  written by plaintiff to defendant.. p. 8

    C  Colloquey between plaintiff and defendant regarding alleged "culpable conduct"

       and alleged "severance".  pp. 9 - 13

    D  Defendant's Responses to Interrogatories and Requests for Admissions  pp. 14 - 22

    E  Defendant's attorney's letter of June, 2007  p.23

1

2  AS AND FOR A CAUSE OF ACTION FOR PROMISSORY ESTOPPEL

3  Plaintiff pro se Robert E. Bernard, hereinafter mentioned as Plaintiff, complains of

4  Defendant Helen Grace Spencer as follows:

5  1. That at the time the cause of action arose Defendant was a resident of Rye Brook,

6  Westchester County, New York and Defendant is, upon information and belief,

7  presently residing at the aforementioned location. That at  the time the cause of

8  action arose Plaintiff was a resident of Rockaway Township, Morris County, New

9  Jersey and is presently residing at the aforementioned location.

10  2. That Plaintiff was employed by Defendant as her Personal Assistant for about

11  thirteen years prior to on or about June 30, 2005. That in the early days of 2004

12  Defendant first made an oral promise to Plaintiff to provide him with a pension

13  should he choose to retire from her employment. That in the late days of June 2005

14  Defendant made an oral promise to  Plaintiff to provide him with a pension of $3,500. per

15  month for thirteen years  i.e exactly $546,000 - should he choose to retire from her

16  employment. That in the late days of June 2005  Defendant made an oral promise to

17  Plaintiff to take under consideration an alternative procedure of making monthly install-

18  ments to Plaintiff in multiples of $3,500.00, up to and including a single lump sum pay-

19  ment of the entire sum remaining due over the full pension term, should he choose to

20  retire from her employment. That defendant promised plaintiff in the last days of June 2005

21  "I've decided to pay [you] more than $3,500. [monthly, 'up to and including a single lump

22  sum payment of the entire sum remaining due over the full pension term'] some of the time."

23  3. That Plaintiff knew and then did reasonably rely upon the specific promises made by

24  Defendant and retired from her employment on or about June 30, 2005.

25  4. That commencing on or about July 1, 2005 Plaintiff did receive monthly payments

26  pursuant to the specific promises made by Defendant. That plaintiff continued to

27  2

28

receive pension installments from Defendant through on or about April 26, 2006. That pension installments were received by Plaintiff in separate sums of $3,500.00 or in multiples of $3,500.00. That said paid installments totaled $56,000.00. A copy of pension installments numbered thirteen and fourteen is annexed hereto as EXHIBIT A.

5. That Plaintiff has demanded continued payment of Defendant both orally and in writing. That on October 2, 2006 Plaintiff mailed to Defendant a certain letter demanding an immediate payment of $21,000.00 then due and owing to Plaintiff from Defendant. A copy of said letter is annexed hereto as EXHIBIT B. That since on or about April 26, 2006 Defendant has continued to fail to make the pension installments coming due and owing to Plaintiff pursuant to her speific promises. That there is now immediately due and owing to Plaintiff from Defendant the sum of $24,500.00 with interest thereon. That there is due and owing to Plaintiff from Defendant for the full term of the pension the sum of $490,000.00 with interest thereon .

6. That Plaintiff retired from Defendant's service in reliance upon her specific promise of a pension totaling $546,000.00 which she promised to provide in monthly installments of at least $3,500.00. That Defendant has failed to make a pension installment payment since the late days of April 2006. That Plaintiff is unjustly damaged as a consequence of his reliance upon Defendant's specific promises and entitled to such remedy as justice may require and the court provide.

AS FOR A SECOND CAUSE OF ACTION FOR COMMON LAW FRAUD, DECEPTION AND MISREPRESENTATION

1. That defendant Helen Grace Spencer told plaintiff she would pay him a pension of $546,000 to be funded by her in thirteen years or less.

3

2. That defendant told plaintiff she would pay him in monthly installments of $3,500 to $546,000.

3. That defendant told plaintiff she would complete paying installments in thirteen years or less.

4. That Mrs. Spencer told plaintiff of her decision to grant him a pension as detailed above in claims 1 to 3 at Sterling Glen, 220 King Street, Rye Brook, New York and at Hampton Inn, Morris Ave., Denville, New Jersey.

5. That Mrs. Spencer told plaintiff of her decision to grant him a pension as detailed above in claims 1 to 3 during the last days of June 2005.

6. That plaintiff relied upon Mrs. Spencer's specific statements to him and, as a consequence of his reliance, retired from her service.

7. That plaintiff was induced to continue to rely on Mrs. Spencer's statements as a consequence of her performance in the form of checks written to the order of plaintiff – many of which were designated in her own hand as pension installments.

8. That Mrs. Spencer made installment payments of $56,000 in ten months in partial performance of her statements to plaintiff.

9. That Mrs. Spencer stated in her April 30, 2007 response to plaintiff's interrogatories of March 15, 2007 [annexed herein as Exhibit D] that she paid plaintiff "monthly severance pay".

10. That plaintiff never received "monthly severance pay" or any "severance pay" from Mrs. Spencer.

11. That her oral promises of late June 2005 are acts of common law fraud, deception and misrepresentation against the plaintiff.

12. That defendant's written claim of April 30, 2007 that she paid "monthly severance" to plaintiff is an act of common law fraud, deception, and misrepresentation against both plaintiff and the court.

4

13. That defendant has inflicted and continues to inflict emotional and physical harm on plaintiff by her acts of fraud, deception, and misrepresentation.

14. That plaintiff has suffered from insomnia, depression, and attenuated hypertension since receiving defendant's responses to his interrogatories.

15. That plaintiff has been damaged economically as a consequence of defendant's acts of common law fraud, deception and misrepresentation. He worries that he will be able to afford to remain in his home.

AS FOR A THIRD CAUSE OF ACTION FOR ABUSE OF PROCESS

1. That defendant has perverted this legal process to gain revenge for some alleged unspecified act on plaintiff's part.

2. That this alleged unspecified act is the subject of colloquey between plaintiff and defendant in Interrogatories Sets #1 and #5. [annexed hereto as Exhibit E], and in plaintiff's responses [annexed hereto as Exhibit D].

3. That defendant has perverted this legal process to gain revenge for plaintiff's complaint of her violation of his rights in these judicial proceedings.

4. That defendant's assertion that her payments to plaintiff were "monthly severance" is false.

5. That plaintiff never received "monthly severance" or any "severance pay" from defendant.

6. That defendant's assertion that she paid plaintiff "monthly severance pay" was made on April 30, 2007.

7. That counsel's claims as stated in counsel's letter to plaintiff of June 27, 2007 [annexed hereto as Exhibit F] in which counsel plainly states that Mrs. Spencer had been recently hospitalized and remained unable to communicate with counsel "regarding discovery or settlement" are, to the best of plaintiff's belief and knowledge, false.

8. That, to the best of plaintiff's belief and knowledge, Mrs. Spencer had not been hospitalized recent to June 27, 2007.

5

1
2
3
4
5    9. That, to the best of plaintiff's belief and knowledge, Mrs. Spencer was able to

communicate with counsel on June 27, 2007.

10. That counsel and defendant have inflicted and continue to inflict emotional and physical

harm on plaintiff by their perverse, vengeful, and abusive use of this process.

11. That plaintiff has suffered from insomnia, depression and attenuated hypertension since

receiving defendant's response to his interrogatories.

12. That plaintiff has been damaged economically as a consequence of defendant's and

counsel's perverse, vengeful and abusive use of this process. He worries that he will be

able to afford to remain in his home.

WHEREFORE plaintiff prays for relief in the sum of $1,470,000. [ONE MILLION FOUR

HUNDRED SEVENTY THOUSAND DOLLARS], ie. $490,000 in compensatory damages,

and $980,000 in punitive damages to be paid by defendant.   That interest on this sum also

be paid by defendant along with the fees, costs and disbursements of this action. That

plaintiff prays for such further, or other relief that the court may find just, proper, and

equitable under the circumstances

dated at Rockaway, New Jersey on August 14, 2007

Respectfully,

Robert E. Bernard
Plaintiff