UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Martin W. Aron (MA2008)
EDWARDS ANGELL PALMER & DODGE LLP
750 Lexington Avenue
New York, New York 10022
(212) 308-4411
Attorneys for Defendant

*Document Electronically Filed*

| | |
|---|---|
| ROBERT E. BERNARD,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>HELEN GRACE SPENCER, a/k/a HELEN GRACE McDERMID, a/k/a/ HELEN McDERMID SPENCER,<br><br>　　　　　　　　　Defendant. | No. 07 Civ. 7816<br><br>**DEFENDANT HELEN GRACE SPENCER'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** |

Defendant Helen Grace Spencer ("Defendant"), by and through her attorneys, Edwards Angell Palmer & Dodge LLP, answers the Amended Complaint on information and belief as follows:

**COUNT ONE**
(Promissory Estoppel)

1.　　　Defendant admits that she was and has been a resident of Rye Brook, Westchester County, New York. Defendant is without knowledge or information sufficient to admit or deny the remainder of the allegations contained in Paragraph 1 of the Amended Complaint, which are denied on that basis.

2. Defendant admits that Plaintiff rendered personal assistance to Defendant over a number of years, and that such assistance terminated in 2005. Defendant denies the remainder of the allegations contained in Paragraph 2 of the Amended Complaint.

3. Defendant admits that Plaintiff ceased rendering personal services to Defendant in 2005. Defendant denies the remainder of the allegations contained in Paragraph 3 of the Amended Complaint.

4. Defendant denies the allegations contained in Paragraph 4 of the Amended Complaint, except to admit that Defendant paid to Plaintiff certain severance payments following termination of Plaintiff's services, and except to aver that the checks evidencing the dates and amounts of such payments speak for themselves.

5. Defendant avers that the document referenced in Paragraph 5 speaks for itself, and denies the remainder of the allegations contained in Paragraph 5 of the Amended Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of the Amended Complaint.

## COUNT TWO
(Fraud)

1. Defendant repeats and reaffirms its responses to Count One of the Amended Complaint as though set forth herein at length. Defendant denies the allegations contained in Paragraph 1 of the Second Count of the Amended Complaint.

2. Defendant denies the allegations contained in Paragraph 2 of the Second Count of the Amended Complaint.

3. Defendant denies the allegations contained in Paragraph 3 of the Second Count of the Amended Complaint.

  4.  Defendant denies the allegations contained in Paragraph 4 of the Second Count of the Amended Complaint.

  5.  Defendant denies the allegations contained in Paragraph 5 of the Second Count of the Amended Complaint.

  6.  Defendant denies the allegations contained in Paragraph 6 of the Second Count of the Amended Complaint, except to clarify that Plaintiff ceased rendering services to Defendant.

  7.  Defendant denies the allegations contained in Paragraph 7 of the Second Count of the Amended Complaint.

  8.  Defendant denies the allegations contained in Paragraph 8 of the Second Count of the Amended Complaint, except to clarify that the dates and amounts of payments are as set forth in checks that speak for themselves.

  9.  Defendant avers that the document referenced in paragraph 9 speaks for itself, and denies the remaining allegations contained in Paragraph 9 of the Second Count of the Amended Complaint.

  10.  Defendant denies the allegations contained in Paragraph 10 of the Second Count of the Amended Complaint.

  11.  Defendant denies the allegations contained in Paragraph 11 of the Second Count of the Amended Complaint.

  12.  Defendant denies the allegations contained in Paragraph 12 of the Second Count of the Amended Complaint.

  13.  Defendant denies the allegations contained in Paragraph 13 of the Second Count of the Amended Complaint .

14. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of the Second Count of the Amended Complaint, which are denied on that basis.

15. Defendant denies the allegations contained in Paragraph 15 of the Second Count of the Amended Complaint .

## **COUNT THREE**
(Abuse of Process)

1. Defendant repeats and reaffirms its responses to Counts One and Two of the Amended Complaint as though set forth herein at length. Defendant denies the allegations contained in Paragraph 1 of the Third Count of the Amended Complaint.

2. Defendant denies the allegations contained in Paragraph 2 of the Third Count of the Amended Complaint, except defendant avers that documents referenced therein speak for themselves.

3. Defendant denies the allegations contained in Paragraph 3 of the Third Count of the Amended Complaint.

4. Defendant denies the allegations contained in Paragraph 4 of the Third Count of the Amended Complaint.

5. Defendant denies the allegations contained in Paragraph 5 of the Third Count of the Amended Complaint.

6. Defendant avers that the document referenced in Paragraph 6 of the Third Count of the Amended Complaint speaks for itself.

7. Defendant avers that the document referenced in paragraph 7 speaks for itself. Defendant denies the remainder of the allegations contained in Paragraph 7 of the Third Count of the Amended Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of the Third Count of the Amended Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the Third Count of the Amended Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Third Count of the Amended Complaint.

11. Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 11 of the Third Count of the Amended Complaint, which are denied on that basis.

12. Defendant denies the allegations contained in Paragraph 12 of the Third Count of the Amended Complaint.

## AS AND FOR A FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

## AS AND FOR A SECOND DEFENSE

Plaintiff has failed to plead fraud with particularity.

## AS AND FOR A THIRD DEFENSE

Plaintiff's claims are barred by the Statute of Frauds.

## AS AND FOR A FOURTH DEFENSE

Plaintiff's claims are barred, in whole or part, because he has suffered no harm that was proximately caused by Defendant.

**AS AND FOR A FIFTH DEFENSE**

Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches and unclean hands.

**AS AND FOR A SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or part, by his failure to mitigate damages by using reasonable diligence to seek and obtain employment elsewhere.

WHEREFORE, Defendant respectfully requests that this Court:

a.  Dismiss the Amended Complaint in its entirety;

b.  Deny each and every demand, claim or prayer of relief contained in the Amended Complaint;

c.  Award to Defendant reimbursement for its reasonable attorneys' fees and costs incurred in defending this action; and

d.  Grant other such relief as the Court may deem just and proper.

s/Martin W. Aron<br>
Martin W. Aron (MA2008)<br>
Edwards Angell Palmer & Dodge LLP<br>
750 Lexington Avenue<br>
New York, NY 10022<br>
(212) 308-4411<br>
email: maron@eapdlaw.com<br>
Attorneys for Defendant

Dated: September 11, 2007

TO:  Robert E. Bernard
     Plaintiff Pro Se
     82 Timberbrook Road
     Rockaway, New Jersey 07866
     (973) 627-2007

**DECLARATION OF SERVICE**

I, MARTIN W. ARON, of full age hereby declare that defendant's Answer to Plaintiff's Amended Complaint was filed electronically on September 11, 2007 with the Clerk of the United States District Court, Southern District of New York, United States Court House, 300 Quarrapos Street, White Plains, New York 10681-4150 and a copy served via Federal Express upon plaintiff *pro se* Robert E. Bernard, 82 Timberbrook Road, Rockaway, New Jersey 07866

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 11, 2007.

        s/Martin W. Aron
        Martin W. Aron (MA2008)
        Edwards Angell Palmer & Dodge LLP
        750 Lexington Avenue
        New York, NY 10022
        (212) 308-4411
        email: maron@eapdlaw.com
        Attorneys for Defendant