UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*Document Electronically Filed*

ROBERT E. BERNARD

                    Plaintiff,

          -v.-

No:  07-cv-07816 SCR

HELEN GRACE SPENCER, a/k/a HELEN
GRACE McDERMID, a/k/a HELEN
McDERMID SPENCER,

                    Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
PURSUANT TO RULES 12(b)(6) AND 9(b)**

Martin W. Aron (MWA2008)
Edwards Angell Palmer & Dodge LLP
Attorneys for Defendant Helen Spencer
One Giralda Farms
Madison, New Jersey  07940

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................... ii

PRELIMINARY STATEMENT ................................................................................... 1

STATEMENT OF FACTS .......................................................................................... 3

A.     Plaintiff's Original Complaint was Based on an Alleged
       Oral Promise to Pay a Monthly Pension for Thirteen Years ................................. 3

B.     Plaintiff's Amended Complaint With New Fraud and Abuse
       of Process Causes of Action ........................................................................... 4

PROCEDURAL HISTORY......................................................................................... 5

STANDARD OF REVIEW ........................................................................................ 7

LEGAL ARGUMENT............................................................................................... 8

POINT I     PLAINTIFF'S CLAIM FOR PROMISSORY ESTOPPEL
            IS BARRED BY THE NEW YORK STATUTE OF FRAUDS AND
            SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM
            PURSUANT TO RULE 12(b)(6) ................................................................... 8

       A.     The Statute of Frauds Bars Enforcement of a Purported
              Oral Promise to Pay a Monthly Pension for 13 Years ............................... 8

       B.     Purported Agreements Subject to the Statute of Frauds Are
              Not Enforceable Under Alternative Contract or Tort Theories ................ 10

POINT II    PLAINTIFF'S CLAIM FOR COMMON-LAW FRAUD
            SHOULD BE DISMISSED FOR FAILURE TO STATE A
            CLAIM UNDER F.R.C.P. 12(b)(6) AND 9(b) ........................................... 13

POINT III   PLAINTIFF'S CLAIM FOR ABUSE OF PROCESS SHOULD
            BE DISMISSED FOR FAILURE TO STATE A CLAIM
            UNDER F.R.C.P. 12(b)(6)........................................................................ 16

CONCLUSION........................................................................................................ 18

# TABLE OF AUTHORITIES

## Cases

Abrams v. Unity Mutual Life Ins. Co., 237 F.3d 862 (7th Cir. 2001) .................................... 10, 11

Abrams v. Unity Mutual Life Ins. Co., 70 F.Supp.2d 846, 852 (N.D. Ill. 1999) ......................... 11

Adams v. Clark, 239 N.Y. 403 (1925) ........................................................................................ 14

American European Art Assoc., Inc. v. Trend Galleries, Inc., 227 A.D.2d 170, 641 N.Y.S.2d 835, 836 (1996) ............................................................................................................. 11

Apostolos v. R.D.T. Brokerage Corp., 159 A.D.2d 62, 559 N.Y.S.2d 295 (1st Dep't 1990) ....... 10

Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ............................... 7

Bernard v. United States, 25 F.3d 98, 104 (3d Cir. 1994) ........................................................... 16

Bon Temps Agency, Ltd. V. Towers Organization, Inc., 187 A.D.2d 376, 590 N.Y.S.2d 97 (1st Dep't 1992) ..................................................................................................................... 12

Brownstone Investment Group, LLC v. Levey, 468 F. Supp. 2d 654, 658 (S.D.N.Y. 2007) ....... 13

Canofi Master LDC v. College Partnership, Inc., 452 F. Supp. 2d 462, 481 (S.D.N.Y. 2006) .... 14

Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) ............................................. 7

Crigger v. Fahnestock & Co., 443 F.3d 230, 234 (2d Cir. 2006) ................................................ 14

Cron v. Hargro Fabrics, Inc., 91 N.Y.2d 362, 370, 694 N.E.2d 56, 59-61, 670 N.Y.S.2d 973, 978 (1998) .................................................................................................................. 11

Currier v. Prudential Ins. Co., 266 A.D.2d 596, 598, 697 N.Y.S.2d 774, 776 (3d Dep't 1999) ..... 9

D&N Boening, Inc. v. Kirsch Beverages, Inc., 63 N.Y.2d 449, 458, 472 N.E.2d 992, 996 (1984) 9

Dooner v. Keefe, Bruyette & Woods, Inc., 157 F. Supp. 2d 265, 279 (S.D.N.Y. 2001) .............. 14

Evercrete Corp. v. H-Cap Ltd., 429 F. Supp. 2d 612, 622 (S.D.N.Y. 2006) ................................ 14

Gary Powell, Inc. v. Mendel/Borg Group, Inc., 237 A.D.2d 407, 655 N.Y.S.2d 558 (2d Dep't 1997) ............................................................................................................................... 12

Harsco Corp. v. Segui, 91 F.3d 337, 347 (2d Cir. 1996) ................................................................ 14

Horn & Hardart Co. v. Pillsbury Co., 888 F.2d 8, 11 (2d Cir. 1989) ............................................ 9

Housing Works, Inc. v. Turner, 179 F. Supp. 2d 177, 210 (S.D.N.Y. 2001) ............................... 14

Kubin v. Miller, 801 F. Supp. 1101, 1122 (S.D.N.Y. 1992) ......................................................... 12

Levine v. American International Group, 16 A.D.2d 250, 792 N.Y.S.2d 35 (1st Dep't 2005) ...... 8

Marvin Inc. v. Albstein, 386 F. Supp. 2d 247, 254 (S.D.N.Y. 2005) ........................................... 12

Mentz v. Newwitter, 122 N.Y. 491, 497-498, 25 N.E. 1044, 1046 (2nd Div. 1890) .................... 9

Meyers v. Waverly Fabrics, 65 N.Y.2d 75, 79, 479 N.E.2d 236, 238, 489 N.Y.S.2d 891, 893
    (1984) ..................................................................................................................................... 11

MHPSC Inc. v. Matthews, 179 A.D.2d 974, 975, 579 N.Y.S.2d 474 (3rd Dep't 1992) ................ 9

Munno v. The Town of Orangetown, 391 F. Supp. 2d 263, 267 (S.D.N.Y. 2005) ........................ 7

O'Bradovich v. Village of Tuckahoe, 325 F. Supp. 2d 413, 434 (S.D.N.Y. 2004) ...................... 16

Readco, Inc. v. Marine Midland Bank, 81 F.3d 295, 301 (2d Cir. 1996) .................................... 11

Reilly v. Natwest Markets Group, Inc., 178 F. Supp. 2d 420, 430 (S.D.N.Y. 2001) ................... 16

Revson v. Claire's Stores, Inc., 120 F. Supp. 2d 322, 325 n.8 (S.D.N.Y. 2000) ......................... 11

Salamea v. Macy's East, Inc., 426 F. Supp. 2d 149, 155 (S.D.N.Y. 2006) ................................... 7

Sater v. Wyckoff Heights Hospital, 228 A.D.2d 427, 428, 643 N.Y.S.2d 664, 665 (2nd Dep't
    1996) ...................................................................................................................................... 13

Schlansky v. United Merchants and Manufacturers, Inc., 443 F. Supp. 1054, 1058-59 (S.D.N.Y.
    1977) ........................................................................................................................................ 8

Sheehy v. Clifford Chance Rogers & Wells,  3 N.Y.3d 554, 560, 822 N.E.2d 763, 766, 789
    N.Y.S.2d 456, 459 (2004)………………………………………………………………….8

Tallini v. Business Air, Inc., 148 A.D.2d 828, 831, 538 N.Y.S.2d 664, 666 (3rd Dep't 1989) .... 10

Von Hoffman v. Prudential Ins. Co. of Am., 202 F. Supp. 2d 252, 259 (S.D.N.Y. 2002) ........... 15

Walentas v. Johnes, 683 N.Y.S.2d 635, 644 (N.Y. App. Div. 1999) ........................................... 16

Warner & Whitney Ltd. v. Union Camp Corp., 166 A.D.2d 776, 777, 563 N.Y.S.2d 136, 138
     (3rd Dep't 1990) ................................................................................................................. 9

Zaveri v. Rosy Blue, Inc., 4 A.D.3d 146, 771 N.Y.S.2d 517 (1st Dep't 2004) ............................ 12

Federal Statutes

Fed. R. Civ. P. 12(b)(6) and 9(b) ............................................................................................. 15
Fed. R. Civ. P. 9(b) ................................................................................................................. 14
Fed. R.Civ. Proc. 12(b)(6) ......................................................................................................... 2

State Statutes

N.Y. General Obligations Law § 5-701 ....................................................................................... 8

## PRELIMINARY STATEMENT

This motion to dismiss arises from plaintiff's attempt to enforce a purported oral promise to pay a pension of $3,500 per month for 13 years. Such a promise is barred by New York's Statute of Frauds, as is any assertion for enforcement of such a promise under alternative contract or tort theories where as here plaintiff alleges economic losses that "flow naturally" from non-enforcement of a promise that falls squarely within the Statute of Frauds.

Here, plaintiff's Amended Complaint contains allegations on its face sufficient to warrant dismissal for failure to state a claim upon which relief can be granted. The Amended Complaint asserts three causes of action: (1) promissory estoppel, (2) common-law fraud and (3) abuse of process.

As stated above, plaintiff's claim for promissory estoppel arises out of a purported oral promise to pay plaintiff a pension of $3,500 per month for 13 years. The New York Statute of Frauds bars the assertion of claims made to enforce such promises even where as here, the plaintiff pleads an alternative contract or tort theory such as promissory estoppel. As such, plaintiff's claim for promissory estoppel should be dismissed for failure to state a claim upon which relief can be granted.

Plaintiff's claims for common-law fraud arise out of two distinct factual settings: (1) the purported promises made by plaintiff regarding a pension; and (2) defendants' allegedly false answers to interrogatories. The first category of plaintiff's allegations of common-law fraud arise from defendant's alleged promises to pay plaintiff a pension in the future. In New York, these types of unfulfilled promises of future performance cannot be the basis of an action for fraud as a matter of law. Plaintiff's second allegations of common-law fraud, those arising out of perceived misstatements made in defendant's answers to interrogatories, are likewise subject to

dismissal. Plaintiff in no way alleges any plausible reliance upon or damages arising from what he perceives to be misstatements made in defendant's answers to interrogatories. Importantly, plaintiff cannot possibility allege either reliance upon nor damages flowing from the alleged misstatements. As such, plaintiff's claims for common-law fraud should be dismissed for failure to state a claim upon which relief can be granted.

Finally, plaintiff's claim for abuse of process arises out of (1) statements made in defendant's answers to interrogatories and (2) statements made in written communications between plaintiff and the undersigned concerning defendant's hospitalization during the court of this litigation. These statements, both of which are still believed to be true, were in no way harassing or abusive. These innocuous communications cannot constitute an intentional abuse sufficient to state a claim for abuse of process. As such, plaintiff's claim for abuse of process should be dismissed for failure to state a claim upon which relief can be granted.

Accordingly, defendant requests that this Court dismiss the entirety of plaintiff's Amended Complaint with prejudice under Fed. R.Civ. Proc. 12(b)(6) for failure to state a claim upon which relief can be granted.

## STATEMENT OF FACTS[1]

### A.     Plaintiff's Original Complaint was Based on an Alleged Oral Promise to Pay a Monthly Pension for Thirteen Years

This is an action to enforce a purported oral promise to pay $3,500.00 per month for 13 years.  Plaintiff worked part-time over the years rendering personal assistance to defendant, Helen Spencer.  Defendant is an elderly single woman who has faced serious health problems over the years in which plaintiff assisted her.  In or about June 2005, when plaintiff discontinued working as defendant's personal assistant, the Complaint alleges that defendant orally promised to pay a pension of "$3,500 per month for thirteen years."  Aron Aff., Ex. 1, ¶ 2 (emphasis added).  In addition, defendant allegedly agreed "to take under consideration an alternative procedure of making monthly installments to Plaintiff in multiples of $3,500.00 … over the full pension term" of 13 years.  Id.

Following plaintiff's retirement from part-time work as defendant's personal assistant in June 2005, defendant voluntarily paid to plaintiff severance amounts of $3,500.00 per month through April 2006.  Plaintiff claims to have received a total of $56,000.00 from defendant in severance payments.  Id., at ¶ 4.[2]

Plaintiff appended to his Complaint two exhibits: (1) a photocopy of two checks for $3,500 paid from defendant to plaintiff, and (2) a letter dated October 2, 2006 from plaintiff to defendant reciting alleged events giving rise to plaintiff's claim.

---

[1] This Statement of Facts is based upon the allegations in plaintiff's Complaint, the truth of which defendant does not contest *solely for purposes of this motion*, and upon Exhibits attached to the Affidavit of Martin Aron, submitted herewith.

[2] As purported evidence of his receipt of regular payments, Plaintiff produced two consecutively numbered checks dated January 14, 2006 and February 14, 2006 (Check Nos. 2825 and 2826) in the amount of $3,500.00. Curiously, the more recent check purports to indicate in the lower left corner that it is "[payment] #12" and the older check appears "[payment] #13." See Aron Aff., Ex. 1.

Specifically, plaintiff wrote in his letter that the parties had allegedly discussed "the possibility of [plaintiff's] retirement based upon a pension that [defendant] would provide." Aron Aff., Ex. 1 (Exhibit B).  The letter memorializes many "requests" in which plaintiff repeatedly badgered defendant for money:

> I asked you for a pension of $3,500 to be paid by you every month for a period of thirteen years if I chose to retire.  You also had the option to make a lump sum payments(s) if you so desired.  My request was made both orally on several occasions and in writing as well.

Id.

Significantly, despite plaintiff's repeated requests for payment of a pension for 13 years following his retirement, **defendant never signed a writing committing to such an obligation**.

### B.  Plaintiff's Amended Complaint With New Fraud and Abuse of Process Causes of Action

By Order dated August 8, 2007, Hon. Joan B. Lefkowitz, J.S.C., "denied as academic" defendant's motion to dismiss plaintiff's original Complaint "since the Court grants plaintiff leave to serve an amended complaint…"  Aron Aff., Ex. 2.

Thereafter, plaintiff delivered to defendant an Amended Complaint dated August 14, 2007 with three causes of action:  (1) promissory estoppel based on "an oral promise to Plaintiff to provide him with a pension of $3,500 per month for thirteen years, i.e. exactly $546,000 – should he choose to retire from her employment."; (2) common law fraud based on this alleged oral promise and defendant's characterization of monthly payments of $3,500 totaling $56,000 as "severance pay" rather than as "pension" payments; and (3) abuse of process based on assertions that (a) defendant characterized as "severance" payments that were not installments on a 13-year pension and (b) defendant had no immediate response to plaintiff's settlement proposal due to a recent hospitalization and then-current state of health.  Aron Aff., Ex. 3.

Unlike the original complaint, Plaintiff's Amended Complaint for the first time alleges tortious conduct, namely fraud and abuse of process.  In addition, the Amended Complaint prays for exactly threefold the amount of damages, including nearly a million dollars of punitive damages.

## PROCEDURAL HISTORY

On or about November 9, 2006, plaintiff filed a Complaint in the New York Supreme Court for Westchester County seeking enforcement of a purported oral promise to pay a pension of $3,500 per month for 13 years.  See Aron Aff., Ex. 1.  On or about December 14, 2006, plaintiff served a copy of his Complaint on defendant.  The process server estimated defendant's age at 80 – an overstatement of defendant's age of 71, given that defendant survived a stroke some nine years ago that had a negative impact on her health.  On or about February 22, 2007, defendant filed an Answer to plaintiff's Complaint.

On or about February 8, 2007, the Supreme Court received plaintiff's motion for a default judgment.  The motion was filed with the court on March 2, 2007.  By order dated March 1, 2007, the Supreme Court denied plaintiff's motion for failure to submit copies of a summons, an affidavit of service or an affidavit of merits.

Subsequently, on or about May 9, 2007, plaintiff filed a second motion for a default judgment.  This second motion for default judgment was finally denied (along with a number of other motions) by the court's Order dated June 5, 2007.

Defendant filed a motion to dismiss the Complaint on March 30, 2007.  That motion was also denied by the court's Order dated June 5, 2007.

On or about May 30, 2007, plaintiff filed a motion for leave to amend the Complaint. See Aron Aff., Ex. 3.  Defendant renewed her motion to dismiss on July 2, 2007.  By Order

5

dated August 8, 2007, defendant's renewed motion to dismiss was denied "as academic," as plaintiff was granted leave to file an amended complaint.  <u>See</u> Aron Aff., Ex. 2.

On or about September 4, 2007, Defendant removed this action to the United States District Court for the Southern District of New York, White Plains Vicinage.  On or about September 11, 2007, Defendant filed an Answer to plaintiff's Amended Complaint.

## **STANDARD OF REVIEW**

In response to a recent line of United States Supreme Court decisions culminating in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), the Second Circuit has recognized a new "plausibility standard" for evaluating the adequacy of pleadings under the Federal Rules of Civil Procedure.  <u>See</u> <u>Iqbar v. Hasty</u>, 490 F.3d 143 (2d Cir. 2007).  The plausibility standard is a "flexible" approach that "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." <u>Id.</u> at 157-58.  The plausibility standard replaces the traditional "pure notice pleading" standard of <u>Conley v. Gibson</u>, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).  <u>Id.</u> at 155.

On a motion to dismiss pursuant to Rule 12(b)(6), the District Court may consider the Complaint itself as well as any documents "attached to the complaint as exhibits or incorporated in the complaint by reference."  <u>Munno v. The Town of Orangetown</u>, 391 F. Supp. 2d 263, 267 (S.D.N.Y. 2005); <u>Salamea v. Macy's East, Inc.</u>, 426 F. Supp. 2d 149, 155 (S.D.N.Y. 2006).  The Court must accept the allegations of the complaint as true.  <u>Id.</u>

# LEGAL ARGUMENT

## POINT I

**PLAINTIFF'S CLAIM FOR PROMISSORY ESTOPPEL IS BARRED BY THE NEW YORK STATUTE OF FRAUDS AND SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(b)(6)**

### A.    The Statute of Frauds Bars Enforcement of a Purported Oral Promise to Pay a Monthly Pension for 13 Years

The Statute of Frauds bars enforcement of purported oral promises to pay money where as here the purported promise "is not to be performed within one year from the making thereof." N.Y. General Obligations Law § 5-701[a][1].  "Because memories fail over time, the statute requires a written contract for an agreement that is not to be performed within one year of its making." Sheehy v. Clifford Chance Rogers & Wells,  3 N.Y.3d 554, 560, 822 N.E.2d 763, 766, 789 N.Y.S.2d 456, 459 (2004) (reinstating order dismissing complaint based on alleged obligation to pay a pension); Levine v. American International Group, 16 A.D.2d 250, 792 N.Y.S.2d 35 (1st Dep't 2005) (affirming dismissal of complaint based on alleged oral deferred compensation plan that "was not capable of performance within one year, and thus violated the statute of frauds.").

To be enforceable, such a promise must be in writing and signed by the party to be charged with its enforcement.  Valentino v. Davis , 270 A.D.2d 635, 703 N.Y.S.2d 609 (3d Dept 2000) (dismissing claims based on alleged promise to board horses for three years as barred by the Statute of Frauds); Schlansky v. United Merchants and Manufacturers, Inc., 443 F. Supp. 1054, 1058-59 (S.D.N.Y. 1977) (dismissing for failure to state a claim based on alleged oral

agreement to pay retirement benefits as "violative of the New York Statute of Frauds since such agreement is not to be performed within one year from its making.").

Further, the Statute of Frauds provides that the obligor on an alleged promise to pay money over a period of time in excess of one year "must contain substantially the whole agreement, and all its material terms and conditions, so that one reading it can understand from it what the agreement is." Currier v. Prudential Ins. Co., 266 A.D.2d 596, 598, 697 N.Y.S.2d 774, 776 (3d Dep't 1999) (affirming dismissal of alleged oral brokerage agreement barred by Statute of Frauds because defendant's letter did not contain material terms such as duration and compensation purportedly to be paid) (quoting MHPSC Inc. v. Matthews, 179 A.D.2d 974, 975, 579 N.Y.S.2d 474 (3rd Dep't 1992) (affirming that letter signed by defendant was "insufficient to satisfy the Statute of Frauds in that it did not contain all material terms of the parties' alleged agreement.") and Mentz v. Newwitter, 122 N.Y. 491, 497-498, 25 N.E. 1044, 1046 (2nd Div. 1890) (barring enforcement of contract subject to Statute of Frauds that failed to include "such essentials, to make a complete agreement")); Warner & Whitney Ltd. v. Union Camp Corp., 166 A.D.2d 776, 777, 563 N.Y.S.2d 136, 138 (3rd Dep't 1990) (affirming unenforceability of alleged promise to pay future commissions, and writings with "no provision regarding the duration of the brokerage contract" were insufficient to satisfy Statute of Frauds).

"Speculation and hypothesis are anathema to the policy behind the Statute of Frauds." Horn & Hardart Co. v. Pillsbury Co., 888 F.2d 8, 11 (2d Cir. 1989) (affirming dismissal because given any "doubt as to the existence or nature of the contractual relationship, the inquiry is terminated and the agreement deemed unenforceable."). See also D&N Boening, Inc. v. Kirsch Beverages, Inc., 63 N.Y.2d 449, 458, 472 N.E.2d 992, 996 (1984) (affirming dismissal of claims barred by Statute of Frauds because "the agreement alleged in the complaint was not one which

by its terms could be *performed* within one year.  As such, it came within the ambit of the Statute of Frauds and is void for being unwritten."); Apostolos v. R.D.T. Brokerage Corp., 159 A.D.2d 62, 559 N.Y.S.2d 295 (1st Dep't 1990) (oral promise for indefinite payment of commissions beyond one year barred by Statute of Frauds and unenforceable).

As in the foregoing cases, a purported oral promise to pay a pension for 13 years violates the Statute of Frauds and is unenforceable.  Plaintiff has no writing signed by defendant memorializing any such purported "agreement."  Indeed, plaintiff's own writings memorialize his repeated "requests" for payment of a pension – writings very different than what the Statute of Frauds requires for a thirteen-year obligation to be enforced in New York.  Indeed, plaintiff's writings do not contain the definite terms that the Statute of Frauds requires, and are not signed by defendant.  Defendant responded with a generous and voluntary payment of $56,000 in severance.  Plaintiff is not entitled to more, and his claim for a 13-year pension should be dismissed as violative of the Statute of Frauds.

> **B.    Purported Agreements Subject to the Statute of Frauds Are Not Enforceable Under Alternative Contract or Tort Theories**

Where as here the gravamen of plaintiff's Complaint is an alleged oral promise to pay a monthly pension over 13 years, plaintiff cannot escape the Statute of Frauds by creatively pleading an alternative contract or tort theory such as promissory estoppel.  "Such a claim may be barred if it is based on the same promise and seeks the same relief as an otherwise barred contract claim."   Abrams v. Unity Mutual Life Ins. Co., 237 F.3d 862, 864-865 (7th Cir. 2001) (affirming dismissal because "If we were to give him the relief he seeks, *i.e.*, the commissions, we would be enforcing the oral agreement and circumventing the Statute of Frauds.  Such a result is clearly barred by New York law.") (citing Tallini v. Business Air, Inc., 148 A.D.2d 828, 831, 538 N.Y.S.2d 664, 666 (3rd Dep't 1989) (affirming dismissal of claims based on alleged

promise barred by Statute of Frauds and rejecting attempt to enforce promise under alternative legal theory that "depends on proof of the oral contract and therefore is also barred by the Statute of Frauds.")); American European Art Assoc., Inc. v. Trend Galleries, Inc., 227 A.D.2d 170, 641 N.Y.S.2d 835, 836 (1996) (rejecting attempt to use alternative theory "to circumvent the Statute of Frauds.").

Part performance cannot take a contract incapable of performance within one year out of the Statute of Frauds. Revson v. Claire's Stores, Inc., 120 F. Supp. 2d 322, 325 n.8 (S.D.N.Y. 2000) (collecting cases). Stated another way, "nothing short of full performance by both parties is required to take an oral agreement out of the statute of frauds." Abrams v. Unity Mutual Life Ins. Co., 70 F.Supp.2d 846, 852 (N.D. Ill. 1999), aff'd, Abrams v. Unity Mutual Life Ins. Co., 237 F.3d 862 (7th Cir. 2001) (rejecting alternative theories pleaded in unavailing attempt to circumvent New York's Statute of Frauds) (citing Cron v. Hargro Fabrics, Inc., 91 N.Y.2d 362, 370, 694 N.E.2d 56, 59-61, 670 N.Y.S.2d 973, 978 (1998) (observing "previous case law concerning the necessity of full performance by all parties within a year to satisfy the Statute of Frauds.")), Meyers v. Waverly Fabrics, 65 N.Y.2d 75, 79, 479 N.E.2d 236, 238, 489 N.Y.S.2d 891, 893 (1984) ("Plaintiff's full performance of her obligations under the contract within one year is insufficient to take the oral contract out of the statute and we decline plaintiff's invitation to hold her unilateral performance sufficient to do so.").

Here, plaintiff attempts to circumvent the Statute of Frauds with allegations that sound in promissory estoppel, which requires "(1) a clear and unambiguous promise, (2) reasonable and foreseeable reliance by the promisee, and (3) unconscionable injury to the relying party as a result of the reliance." Readco, Inc. v. Marine Midland Bank, 81 F.3d 295, 301 (2d Cir. 1996)

("Because there is no clear and unambiguous promise, the promissory estoppel claim was properly dismissed.").

> "A claim for promissory estoppel may not be maintained under New York law where the alternative claim for breach of contract is barred by the Statute of Frauds unless the circumstances make it unconscionable to deny the promise upon which the plaintiff relied." The unconscionable injury must be one "beyond that which flows naturally from the non-performance of the unenforceable agreement."

Marvin Inc. v. Albstein, 386 F. Supp. 2d 247, 254 (S.D.N.Y. 2005) (citations omitted) (alleged contract unenforceable under the Statute of Frauds cannot be enforced under promissory estoppel theory despite plaintiff's "severe financial loss" and "loss of one of its most important clients" because these injuries "naturally flow from the unenforcement of the agreement" under the Statute of Frauds); Kubin v. Miller, 801 F. Supp. 1101, 1122 (S.D.N.Y. 1992) (dismissing promissory estoppel claim seeking enforcement of alleged promise to pay finder's fee because financial loss "does not fall within the ambit of this doctrine"). See also Zaveri v. Rosy Blue, Inc., 4 A.D.3d 146, 771 N.Y.S.2d 517 (1st Dep't 2004) (dismissing claims against employer because alleged oral promise to pay commissions following termination of employment was barred by statute of frauds and economic loss thereafter was not of type that could estop employer's assertion of statute of frauds); Gary Powell, Inc. v. Mendel/Borg Group, Inc., 237 A.D.2d 407, 655 N.Y.S.2d 558 (2d Dep't 1997) (dismissing promissory estoppel claim based on alleged contract barred by Statute of Frauds because "the injury stems only from continued performance"); Bon Temps Agency, Ltd. V. Towers Organization, Inc., 187 A.D.2d 376, 590 N.Y.S.2d 97 (1st Dep't 1992) (affirming dismissal of complaint based on promissory estoppel where enforcement of underlying alleged agreement was barred by the Statute of Frauds), leave to appeal denied, 82 N.Y.2d 651 (1993).

Here, the Complaint contains allegations sufficient to defeat enforcement of an alleged oral promise to pay a pension over 13 years under any contract or tort theory. There is no reasonable reliance upon an oral promise clearly barred by the Statute of Frauds. Moreover, plaintiff's alleged "injury" is the loss of a 13-year pension barred by the Statute of Frauds, which allegedly resulted in the very type of financial losses that "naturally flow from the unenforcement of the agreement." The foregoing cases illustrate that an economic loss arising from the non-enforcement of a purported contract barred by the Statute of Frauds is not sufficient to state a promissory estoppel claim.

Finally, given the nature of the purported promise that plaintiff seeks to enforce and the economic nature of the damages he seeks, any attempt to amend the Complaint would the "patently lacking in merit," and the Complaint should therefore be dismissed with prejudice. Sater v. Wyckoff Heights Hospital, 228 A.D.2d 427, 428, 643 N.Y.S.2d 664, 665 (2nd Dep't 1996) (affirming dismissal without leave to replead because alleged oral promise barred by Statute of Frauds cannot be enforced under alternative theories of quantum meruit, unjust enrichment, fraud or negligent misrepresentation and "those claims, which are based on the alleged oral agreement, must also be dismissed.").

## POINT II

### PLAINTIFF'S CLAIM FOR COMMON-LAW FRAUD SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UNDER F.R.C.P. 12(b)(6) AND 9(b)

In New York, a plaintiff must allege five elements in order to state a claim for common-law fraud: "(1) a material misrepresentation or omission of fact (2) made by defendant with knowledge of its falsity (3) and intent to defraud; (4) reasonable reliance on the part of the plaintiff; and (5) resulting damage to the plaintiff." Brownstone Investment Group, LLC v. Levey, 468 F. Supp. 2d 654, 658 (S.D.N.Y. 2007) (dismissing fraud claim where plaintiff failed

to allege "any representation made by [Defendants] ... upon which [Plaintiff] could have relied") (quoting Crigger v. Fahnestock & Co., 443 F.3d 230, 234 (2d Cir. 2006); see also Evercrete Corp. v. H-Cap Ltd., 429 F. Supp. 2d 612, 622 (S.D.N.Y. 2006) (dismissing common law fraud claim where plaintiffs fail to allege their "reli[ance] on any misrepresentation.").

Fed. R. Civ. P. 9(b) further sets forth the level of detail required when pleading of claims of fraud: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). The Second Circuit has held that in order to satisfy the requirements of Rule 9(b), a plaintiff must "(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." Harsco Corp. v. Segui, 91 F.3d 337, 347 (2d Cir. 1996) (affirming dismissal of fraud claim where there was "no explanation regarding why the representation may be fraudulent"); see also Levey, 468 F. Supp. 2d at 659; Evercrete Corp., 429 F. Supp. 2d at 622.

The general rule in New York is that unfulfilled promises of future performance are not actionable as fraudulent misrepresentations. See Housing Works, Inc. v. Turner, 179 F. Supp. 2d 177, 210 (S.D.N.Y. 2001) (dismissing fraud claim where Plaintiff's allegations of fraud are "based entirely on statements" that are "promissory in nature"); Dooner v. Keefe, Bruyette & Woods, Inc., 157 F. Supp. 2d 265, 279 (S.D.N.Y. 2001) ("[M]ere promissory statements as to what will be done in the future are not actionable") (quoting Adams v. Clark, 239 N.Y. 403 (1925). As such, allegations of fraud based on unfilled promises of future performance are deficient as a matter of law and subject to dismissal under Rule 12(b)(6). Canofi Master LDC v. College Partnership, Inc., 452 F. Supp. 2d 462, 481 (S.D.N.Y. 2006) ("A mere unfulfilled

promise cannot form the basis of fraud") (quoting <u>Von Hoffman v. Prudential Ins. Co. of Am.</u>, 202 F. Supp. 2d 252, 259 (S.D.N.Y. 2002).  <u>See</u> <u>also</u> <u>Dooner</u>, 157 F. Supp. 2d at 279-80.

The amended complaint alleges two categories of fraudulent misstatements.  First, Plaintiff alleges that Defendant stated that "she would pay him a pension of $546,000 to be funded by her in thirteen years or less," that "she would pay him in monthly installments of $3,500," and that "she would complete paying installments in thirteen years or less."  <u>See</u> Aron Aff., Ex. 2, Count Two ¶1-3.  This category of Plaintiff's alleged misrepresentations consists entirely of promises of future performance.  As detailed above, promises of future performance are inadequate to form the basis of fraud in New York.  For this reason, Plaintiff has failed to adequately plead the elements of fraud with regard to the alleged statements about his "pension" as required by Fed. R. Civ. P. 12(b)(6) and 9(b).

Second, Plaintiff alleges that Defendant wrote in her interrogatory answers on April 30, 2007 that she paid 'monthly severance' to plaintiff.  <u>See</u> <u>id</u>, Count Two ¶9.  This category of Plaintiff's alleged misrepresentations fails to satisfy the required elements of fraud.  Regardless of whether the payments made by Defendant are considered "pension" payments or "severance" payments, such a semantic distinction cannot possibly constitute an actionable 'material misrepresentation.'  More importantly, plaintiff does not allege, nor can he, that he has in any way 'reasonably relied' on Defendant's statements in a manner that has damaged him.  As such, Plaintiff has failed to adequately plead the elements of fraud with regard to the alleged statements about Defendant's Interrogatory answers as required by Fed. R. Civ. P. 12(b)(6) and 9(b).

For these reasons, Plaintiff's amended claims for fraud should be dismissed as a matter of law.

## POINT III

### PLAINTIFF'S CLAIM FOR ABUSE OF PROCESS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UNDER F.R.C.P. 12(b)(6)

In New York, a plaintiff must allege three elements in order to state a claim for abuse of process: (1) regularly issued process, either civil or criminal; (2) an intent to do harm without excuse or justification; and (3) use of the process in a perverted manner to obtain a collateral objective. See O'Bradovich v. Village of Tuckahoe, 325 F. Supp. 2d 413, 434 (S.D.N.Y. 2004) (dismissing abuse of process claim under Rule 12(b)(6)); Bernard v. United States, 25 F.3d 98, 104 (3d Cir. 1994) (affirming dismissal of abuse of process claim). The Southern District of New York has further held that "to survive a motion to dismiss, a claimant must allege that defendant's abuse of process involved some 'unlawful interference with [his] person or property,' and that he suffered actual or special damages" Reilly v. Natwest Markets Group, Inc., 178 F. Supp. 2d 420, 430 (S.D.N.Y. 2001) (dismissing abuse of process claim under Rule 12(b)(6) were the complaint "contains no allegations that defendants' conduct in any way interfered with his person or property") (quoting Walentas v. Johnes, 683 N.Y.S.2d 635, 644 (N.Y. App. Div. 1999).

In the amended complaint, Plaintiff alleges that Defendant "perverted th[e] legal process" by "assert[ing] that her payments to plaintiff were 'monthly severance,'" in answers to Interrogatories and by counsel's letter "stat[ing] that Mrs. Spencer had been recently hospitalized and remained unable to communicate with counsel 'regarding discovery or settlement.'" See Exhibit X, p. 5. Plaintiff further alleges that he has suffered "emotional and physical harm," including "insomnia, depression[,] ... attenuated hypertension," and "economic" damages as a result of such conduct. See id., p. 6.

Plaintiff's abuse of process claim fails to satisfy any of the required elements. First, plaintiff has not identified any 'process' that Defendant allegedly abused. Neither Defendants' answers to Interrogatories nor counsel's truthful statements in a letter to Plaintiff could conceivably be considered a 'civil or criminal' process. Second, plaintiff has not made any allegations regarding Defendant's intent or, for that matter, any 'collateral objective' which was somehow furthered by Defendant's alleged 'abuse.' Finally, Plaintiff has not alleged any interference with either his 'person or property.'

For these reasons, Plaintiff's amended claim for abuse of process should be dismissed as a matter of law.

CONCLUSION

For the foregoing reasons, plaintiff's Amended Complaint should be dismissed with prejudice for failure to state a claim.

Respectfully submitted,

s/Martin W. Aron
MARTIN W. ARON (MWA2008)
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Defendant Helen Spencer
One Giralda Farms
Madison, New Jersey  07940
(973) 520-2300

DATED:  September 28, 2007

205332v1

18