UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Martin W. Aron (MA2008)
EDWARDS ANGELL PALMER & DODGE LLP
One Giralda Farms
Madison, New Jersey  07940
(973) 520-2300
Attorneys for Defendant

*Document Electronically Filed*

ROBERT E. BERNARD,

                              Plaintiff,

v.

HELEN GRACE SPENCER, a/k/a HELEN
GRACE McDERMID, a/k/a/ HELEN
McDERMID SPENCER,

                              Defendant.

No.  07-cv-07816 SCR

**AFFIDAVIT OF MARTIN W. ARON
IN SUPPORT OF MOTION TO
DISMISS AMENDED COMPLAINT**

STATE OF NEW JERSEY

                              : ss.:

COUNTY OF MORRIS      )

        MARTIN W. ARON, declares as follows:

        1.     I am a member of the bar of this Court and of the firm of Edwards

Angell Palmer & Dodge LLP, attorneys for defendant Helen Grace Spencer.  I make this

declaration in support of defendant's motion to dismiss the Amended Complaint.

        2.     I have annexed as Exhibit 1 a copy of plaintiff's original Complaint

including its exhibits.

        3.     I have annexed as Exhibit 2 a copy of Judge Lefkowitz's August 8,

2007 Order granting plaintiff leave to replead.

        4.     I have annexed as Exhibit 3 a copy of the Amended Complaint,

including its exhibits.  The Exhibits attached to the Amended Complaint herein were

obtained from Plaintiff's Motion for Leave to File the Amended Complaint as there were

no exhibits supplied to defendant with plaintiff's August 14, 2007 Amended Complaint.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 28th day of September 2007.

> s/Martin W. Aron
> MARTIN W. ARON (MA2008)
> Edwards Angell Palmer & Dodge LLP
> Attorneys for Defendant
> One Giralda Farms
> Madison, New Jersey 07940
> (973) 520-2300
> email: maron@eapdlaw.com

Sworn and subscribed to before
Me this 28th day of September 2007.

*Carol A. Sheridan*

**CAROL A. SHERIDAN**
**A Notary Public of New Jersey**
**My Commission Expires SEPTEMBER 21, 2009**

205335

# EXHIBIT 1

1

2

3

4

5

6     SUPREME COURT OF THE STATE OF NEW YORK

      COUNTY OF WESTCHESTER

7

8     ROBERT E.BERNARD                        COMPLAINT

9            Plaintiff.                       PROMISSORY ESTOPPEL

10         against

                                             Index No. 22122/06
11

12    HELEN GRACE SPENCER aka
      HELEN GRACE MCDERMID aka               Judge..........................................
13    HELEN MCDERMID SPENCER
              Defendant
14
                                             TRIAL BY A JURY IS DEMANDED
15

16

17    Robert E. Bernard
      Plaintiff Pro Se
18    82 Timberbrook Road
      Rockaway, New Jersey 07866
19    Telephone 973 627 2007

20    Dated at Rockaway,  New Jersey
      November 7 , 2006
21                                           ROBERT E. BERNARD

22                                                          Plaintiff

23

24

25

26

27

28

1

2    AS AND FOR A CAUSE OF ACTION FOR PROMISSORY ESTOPPEL

3    Plaintiff pro se Robert E. Bernard, hereinafter mentioned as Plaintiff, complains

4    of  Defendant Helen Grace Spencer as follows:

5    1. That at the time the cause of action arose Defendant was a resident of Rye

6    Brook,  Westchestrer County, New York and Defendant is,  upon information

7    and belief,  presently residing at the aforementioned location.  That at  the time

8    the cause of action arose Plaintiff was a resident of Rockaway Township,

9    Morris County, New Jersey and is presently residing at the aforementioned

10    location.

11    2.  That Plaintiff was employed by Defendant as her Personal Assistant for

12    about thirteen years prior to on or about June 30, 2005.  That in the early days

13    of 2004 Defendant first made an oral promise to Plaintiff to provide him

14    with a pension should he choose to retire from her employment.  That in the

15    late days of June 2005  Defendant made an oral promise to  Plaintiff to

16    provide him with a pension of $3,500 per month for thirteen years  i.e

17    exactly $546,000 -  should he choose to retire from her employment.  That

18    in the late days of June 2005  Defendant made an oral  promise to Plaintiff

19    to take under consideration an alternative procedure of making monthly

20    installments to Plaintiff in multiples of $3,500.00,  up to and including a

21    single lump sum payment of the entire sum remaining due over the full

22    pension term,  should he choose to retire from her employment.

23    3.  That Plaintiff knew and then did reasonably rely upon the specific

24    promises made by Defendant and retired from her employment on or

25    about June 30, 2005.

26    4.  That commencing on or about July 1, 2005  Plaintiff did receive monthly

27    payments pursuant to the specific promises made by Defendant..

28

2

That Plaintiff continued to receive pension installments from Defendant
through on or about April 26, 2006. That pension installments were received
by Plaintiff in separate sums of $3,500.00 or in multiples of $3,500.00. That
said paid installments totaled $56,000.00. A copy of pension installments
numbered thirteen and fourteen is annexed hereto as EXHIBIT A.

5. That Plaintiff has demanded continued payment of Defendant both orally
and in writing. That on October 2, 2006 Plaintiff mailed to Defendant a
certain letter demanding an immediate payment of $21,000.00 then due
and owing to Plaintiff from Defendant. A copy of said letter is annexed hereto
as EXHIBIT B. That since on or about April 26, 2006 Defendant has continued
to fail to make the pension installments coming due and owing to Plaintiff
pursuant to her speific promises. That there is now immediately due and
owing to Plaintiff from Defendant the sum of $24,500.00 with interest thereon.
That there is due and owing to Plaintiff from Defendant for the full term of the
pension the sum of $490,000.00 with interest thereon .

6. That Plaintiff retired from Defendant's service in reliance upon her specific
promise of a pension totaling $546,000.00 which she promised to provide in
monthly installments of at least $3,500.00. That Defendant has failed to make a
pension installment payment since the late days of April 2006. That Plaintiff is
unjustly damaged as a consequence of his reliance upon Defendant's specific
promises and entitled to such remedy as justice may require and the court provide.

7. WHEREFORE Plaintiff prays for relief in the sum of $490,000.00 to be paid
by Defendant with interest thereon and the fees, costs and disbursements of this
action. That Plaintiff prays for such other, further, or other relief that the court
may find just, proper, and equitable under the circumstances.

3

1

2

3    Dated:  November 1, 2006 at Rockaway Township, New Jersey

4        Date of signature:  November 1, 2006

5

6                                                    Respectfully,

7

8                                                    ROBERT E. BERNARD
                                                     Plaintiff Pro Se

9

10

11

12

13

14

15

16

17

18

19                              4

20

21

22

23

24

25

26

27

28



H. G. SPENCER
A.K.A. H. G. SPENCER MC DERMID
BIRCH LANE
GREENWICH, CT 06830

51-147
211
6411185107

2826

DATE Dec. 14 '06

PAY TO THE ORDER OF Robt. E. Bernard | $3,500 00/100

three thousand five hundred + no/100 _____ DOLLARS

PUTNAM TRUST
a division of THE BANK OF NEW YORK
10 Mason Street
Greenwich, CT 06830

MEMO #13                                    H. Spencer          MP

⑆021101470⑆ ⑈6411185107⑈ 2826

---

H. G. SPENCER
A.K.A. H. G. SPENCER MC DERMID
BIRCH LANE
GREENWICH, CT 06830

51-147
211
6411185107

2825

DATE Feb. 14 '06

PAY TO THE ORDER OF Robert E. Bernard | $3,500 00/100

three thousand five hundred + no/100 _____ DOLLARS

PUTNAM TRUST
a division of THE BANK OF NEW YORK
10 Mason Street
Greenwich, CT 06830

MEMO #12                                    H. Spencer          MP

⑆021101470⑆ ⑈6411185107⑈ 2825

# EXHIBIT 2

SUPREME COURT - STATE OF NEW YORK
IAS PART WESTCHESTER COUNTY

To commence the statutory time
period of appeals as of right
(CPLR 5513[a]), you are advised
to serve a copy of this order,
with notice of entry, upon all
parties.

```
┌─────────────────────────────┐
│  FILED AND ENTERED          │
│  ON   8-8-   2007           │
│  WESTCHESTER                │
│  COUNTY CLERK               │
└─────────────────────────────┘
```

PRESENT: HON. JOAN B. LEFKOWITZ

                                    **Justice**          Index No.:     22122/06
                                                          Motion Date:   8/3/07

----------------------------------------------------------------X
ROBERT E. BERNARD,

                    Plaintiff,

        - against -

HELEN GRACE SPENCER a/k/a HELEN GRACE
McDERMID a/k/a HELEN McDERMID SPENCER,

                    Defendants.

----------------------------------------------------------------X

The following papers numbered 1 to 32  read on this renewed motion by defendant to dismiss
complaint and plaintiff's motion to serve amended complaint and for other relief.

|                                                                  | Papers Numbered |
|------------------------------------------------------------------|-----------------|
| Notice of Motion/Order to Show Cause-Affidavits                  | 1-2             |
| Plaintiff's Motion s                                             | 3-5             |
| Answering Affidavits                                             |                 |
| Replying Affidavits                                              | 6               |
| Affidavits                                                       |                 |
| Filed Papers____ Additional Plaintiff Papers                     | 7-10            |
| Pleadings-Exhibits-Stipulations-Minutes                          | 11-31           |
| Briefs: Plaintiffs/Petitioner's____Def. Resp.                    | 32              |

Upon the foregoing papers it is ORDERED that the motion by defendant is denied as academic
since the Court grants plaintiff leave to serve an amended complaint in the form proposed, which
service shall be made within twenty (20) days after service of a copy of this order with notice of
entry. All other relief sought by plaintiff is denied as moot in view of the amended pleading.

Robert E. Bernard
Plaintiff Pro Se
82 Timberbrook Road
Rockaway, New Jersey 07866

Martin W. Aron, Esq.
Edwards Angell Palmer & Dodge, LLP
Attorneys for Defendant
750 Lexington Avenue
New York, New York 10022

DATED:    August 8, 2007        ENTERED: _____

                                         JOAN B. LEFKOWITZ, J.S.C.

# EXHIBIT 3

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF WESTCHESTER

---

ROBERT E. BERNARD
        Plaintiff

        against

HELEN GRACE SPENCER
HELEN GRACE MCDERMID
HELEN MCDERMID SPENCER
        Defendant

MOTION FOR LEAVE TO AMEND COMPLAINT

PLAINTIFF REQUESTS THAT THIS MOTION
  COME BEFORE THE COURT ON JUNE 1, 2007.
ASSOCIATED PAPERS ARE CALENDARED TO
COME BEFORE THE COURT ON JUNE 1, 2007.

INDEX NUMBER 22122-2006

Judge Joan B. Lefkowitz

A Trial by Jury is Demanded

---

Robert E. Bernard
82 Timberbrook Road
Rockaway, New Jersey 07866
Telephone 973 627 2007

dated at Rockaway, NJ on May 29, 2007.

Respectfully,

ROBERT E. BERNARD
Plaintiff

22122-2006

TABLE OF CONTENTS  FOR  PLAINTIFF's MOTION FOR LEAVE TO

 AMEND COMPLAINT

Table of Contents p2

Motion pp 3-5

Exhibits

P1   Plaintiff's Complaint as to a Cause of Action for Promissory Estoppel  pp 6 - 11

P2   Colloquey regarding defendant's allegation that plaintiff received "severance".pp 12 -14

P3   Colloquey regarding defendant's allegation of plaintiff's "culpable conduct". pp 15 -16

P4   Plaintiff's Interrogatories Set #1  and   Request for Admissions #1  pp 17 - 20

P5   Plaintiff's  Interrogatories Set #5  pp 21 - 23

P6   Defendant's Responses to Interrogatoratory Set #1 and Request for

      Admissions #1  pp 24 - 30

P7   Certificate of Service of Motion for Leave to Amend Complaint p 31

P8   Notice of Motion for Leave to Amend Complaint p. 32

MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff respectfully moves the court for leave to add a second and third cause
of action to his complaint for promissory estoppel filed with the court on
November 9, 2006.   To wit:

AS FOR A SECOND CAUSE OF ACTION FOR WILLFUL FRAUD, DECEPTION
AND MISREPRESENTATION

   1 That.defendant Helen Grace Spencer stated in her April 30, 2007 response to
      plaintiff's interrogatories [annexed herein as P6 ] of March 15, 2007
       that she paid plaintiff "monthly severance pay".

   2.  That plaintiff never received "monthly severance pay" or any "severance pay" from
      defendant. [ colloquey regarding defendant's claim is annexed herein as P2]

   3.  That defendant's assertion is a willful act of fraud, deception, and misrepresentation.

   4.. That  a second cause of action for willful fraud, deception, and misrepresentation
       has risen based on the defendant's  assertion that her payments to plaintiff
       were "monthly severance pay".

   5. That this second cause of action arose on April 30, 2007.

   6.. That defendant's written claim constitutes a fraud against both plaintiff and the court.

   7.  That defendant has inflicted emotional and physical harm on plaintiff by her willful
       act of fraud, deception, and misrepresentation.

   8. That  plaintiff has suffered from  insomnia, depression and attenuated hypertension
       since receiving defendant's responses  to his interrogatories.

   9. That plaintiff has been damaged economically as a consequence of defendant's
       willful act of fraud, deception and misrepresentation.   He worries that he will be
       able to afford to remain in his home.

AS FOR A THIRD CAUSE OF ACTION FOR ABUSE OF PROCESS

1. That Defendant has perverted this legal process to gain revenge for some alleged unspecified act on plaintiff's part.

2. That this alleged unspecified act is the subject of colloquey between plaintiff and defendant [P3]; in interrogatories sets #1 [P4], and #5 [P5], and defendant's responses [P6].

3. That defendant has perverted this legal process to gain revenge for plaintiff's complaint of her violation of his rights in these judicial proceedings.

4. That a third cause of cause of action for abuse of process has risen based on the defendant's assertion that her payments to plaintiff were "monthly severance pay"

5.That plaintiff has never received "monthly severance pay" or any "severance pay" from defendant.

6. That this third cause of action arose on April 30, 2007.

7..That defendant has inflicted and continues to inflict emotional and physical harm on plaintiff by her perverse, vengeful, and abusive use of this process.

8 That plaintiff has suffered from insomnia, depression and attenuated hypertension since receiving defendant's response to his interrogatories.

9..That plaintiff has been damaged economically as a consequence of defendant's perverse, vengeful, and abusive use of this process. He worries that he will be able to afford to remain in his home.

Plaintiff also moves the court for leave to substitute the following prayer for relief for paragraph 7, lines 23 through 26 of plaintiff's complaint as for an action for promissory estoppel {annexed herein as P1 }.

WHEREFORE plaintiff prays for relief in the sum of $1,470,000, [ONE MILLION FOUR HUNDRED SEVENTY THOUSAND DOLLARS], ie. $490,000. in compensatory

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

damages, and $980,000 in punitive damages to be paid by defendant,  That interest on this sum also be paid by defendant along with the fees, costs and disbursements of this action   That  plaintiff prays for such further, or other relief that the court may find just, proper, and equitable under the circumstances.

dated at Rockaway, New Jersey on May 29, 2007

Respectfully,

Robert E. Bernard
Plaintiff

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FILED

NOV - 9 2006

TIMOTHY C. ...
CO....
COUN.... WESTCHESTER

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF WESTCHESTER

ROBERT E. BERNARD

       Plaintiff.

      against

HELEN GRACE SPENCER aka
HELEN GRACE MCDERMID aka
HELEN MCDERMID SPENCER
      Defendant

COMPLAINT

PROMISSORY ESTOPPEL

Index No. 22122/06

Judge.......................................

TRIAL BY A JURY IS DEMANDED

Robert E. Bernard
Plaintiff Pro Se
82 Timberbrook Road
Rockaway, New Jersey 07866
Telephone 973 627 2007

Dated at Rockaway, New Jersey
November 9 , 2006

Robert E. Bernard
ROBERT E. BERNARD

          Plaintiff

6

AS AND FOR A CAUSE OF ACTION FOR PROMISSORY ESTOPPEL

Plaintiff pro se Robert E. Bernard, hereinafter mentioned as Plaintiff, complains

of Defendant Helen Grace Spencer as follows:

1. That at the time the cause of action arose Defendant was a resident of Rye

Brook, Westchestrer County, New York and Defendant is, upon information

and belief, presently residing at the aforementioned location. That at the time

the cause of action arose Plaintiff was a resident of Rockaway Township,

Morris County, New Jersey and is presently residing at the aforementioned

location.

2. That Plaintiff was employed by Defendant as her Personal Assistant for

about thirteen years prior to on or about June 30, 2005. That in the early days

of 2004 Defendant first made an oral promise to Plaintiff to provide him

with a pension should he choose to retire from her employment. That in the

late days of June 2005 Defendant made an oral promise to Plaintiff to

provide him with a pension of $3,500 per month for thirteen years i.e

exactly $546,000 - should he choose to retire from her employment. That

in the late days of June 2005 Defendant made an oral promise to Plaintiff

to take under consideration an alternative procedure of making monthly

installments to Plaintiff in multiples of $3,500.00, up to and including a

single lump sum payment of the entire sum remaining due over the full

pension term, should he choose to retire from her employment.

3. That Plaintiff knew and then did reasonably rely upon the specific

promises made by Defendant and retired from her employment on or

about June 30, 2005.

4. That commencing on or about July 1, 2005 Plaintiff did receive monthly

payments pursuant to the specific promises made by Defendant..

2

7

That Plaintiff continued to receive pension installments from Defendant

through on or about April 26, 2006. That pension installments were received

by Plaintiff in separate sums of $3,500.00 or in multiples of $3,500.00. That

said paid installments totaled $56,000.00. A copy of pension installments

numbered thirteen and fourteen is annexed hereto as EXHIBIT A.

5. That Plaintiff has demanded continued payment of Defendant both orally

and in writing. That on October 2, 2006 Plaintiff mailed to Defendant a

certain letter demanding an immediate payment of $21,000.00 then due

and owing to Plaintiff from Defendant. A copy of said letter is annexed hereto

as EXHIBIT B. That since on or about April 26, 2006 Defendant has continued

to fail to make the pension installments coming due and owing to Plaintiff

pursuant to her speific promises. That there is now immediately due and

owing to Plaintiff from Defendant the sum of $24,500.00 with interest thereon.

That there is due and owing to Plaintiff from Defendant for the full term of the

pension the sum of $490,000.00 with interest thereon .

6. That Plaintiff retired from Defendant's service in reliance upon her specific

promise of a pension totaling $546,000.00 which she promised to provide in

monthly installments of at least $3,500.00. That Defendant has failed to make a

pension installment payment since the late days of April 2006. That Plaintiff is

unjustly damaged as a consequence of his reliance upon Defendant's specific

promises and entitled to such remedy as justice may require and the court provide.

7. WHEREFORE Plaintiff prays for relief in the sum of $490,000.00 to be paid

by Defendant with interest thereon and the fees, costs and disbursements of this

action. That Plaintiff prays for such other, further, or other relief that the court

may find just, proper, and equitable under the circumstances.

3

8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dated:  November 1, 2006 at Rockaway Township, New Jersey

Date of signature:  November 1, 2006

Respectfully,

Robert E Bernard

ROBERT E. BERNARD
Plaintiff Pro Se

4

9

# EXHIBIT A

H. G. SPENCER
A.K.A. H. G. SPENCER MC DERMID
BIRCH LANE
GREENWICH, CT 06830

51-147
211
6411185107

2826

DATE Jan. 14 '06

PAY TO THE
ORDER OF ___ Robt E. Bernard ___ $3,500 00/100

three thousand five hundred + no/100 _____ DOLLARS

PUTNAM TRUST
a division of THE BANK OF NEW YORK

MEMO # 13                          H. Spencer

⑈021101470⑈ ⑈6411185107⑈ 2826

---

H. G. SPENCER
A.K.A. H. G. SPENCER MC DERMID
BIRCH LANE
GREENWICH, CT 06830

51-147
211
6411185107

2825

DATE Feb. 14 '06

PAY TO THE
ORDER OF ___ Robert E. Bernard ___ $3,500 00/100

three thousand five hundred + no/100 _____ DOLLARS

PUTNAM TRUST
a division of THE BANK OF NEW YORK

MEMO #12                          H. Spencer

⑈021101470⑈ ⑈6411185107⑈ 2825

5
10

# EXHIBIT B

82 Timberbrook Road
Rockaway, NJ 07866
October 2, 2006

Helen G. Spencer
Sterling Glen 1200 King Street
Rye Brook, NY 10573

Dear Helen:

I hope this letter finds you well and happy. Enclosed are the 2 pairs
of earrings which you left in my home and car. Also please find the
gold and pearl jeweled pin which you left in my care to take for repair.

I worked for you as your personal assistant for a period of about
thirteen years. Last year while I was still in your employment we
discussed the possibility of my retirement based upon a pension
that you would provide. I asked you for a pension of $3,500. to be
paid by you every month for a period of thirteen years if I chose
to retire. You also had the option to make a lump sum payments(s)
if you so desired. My request was made both orally on several
occasions and in writing as well. Indeed you may have a certain
letter which I left with you in your apartment at Unit 237. I also
sent this letter via fax to your attorney Eric Seltzer Esq. The letter
spells out the specific request described once again in this message.

As you well know you agreed to my request and promised me a
pension of at least $3,500 every month for thirteen years - a total
then of $546,000 dollars. I then reasonably relied upon your
solemn promise and retired from your service. As you also well
know I would not have made this decision to leave my position
were it not for your specific promise. These alone are the amounts;
time period; and arrangement you promised. No other.

Now I have received sixteen pension payments from you totalling
$56,000. I received your last payment by check in April of this year.
Payments due after that date have not been made. Kindly make
an immediate $21,000. payment to me and future monthly payments
of at least $3,500. to honor your promise. Your failure to make these
payments as requested will cause me to remedy your unjust action
in the Courts. I hope this course of action will not be necessary.
Please avoid this wasteful use of our time and resources by honoring
your solemnly made promise to me upon which I retired in reliance.

Yours truly,

Robert E. Bernard

ROBERT E. BERNARD

Page 6

# EXHIBIT C

Colloquey regarding defendant's purported "severance" payments to plaintiff.

3/15/07
3. A. Did you ever ask Plaintiff if he had told anyone about the pension he was

receiving from you?

B. Did you ask this question of Plaintiff in 2006?

C. What was your reason(s) for asking this question?

D. What was the Plaintiff's reply to your question?

4/30/07
DEFENDANT'S RESPONSE

".........defendant denies that she paid to plaintiff a "pension" as alleged in the

Complaint.   Instead, defendant voluntarily paid to plaintiff a monthly severance

from the time plaintiff ceased working as defendant's personal assistant in or

about July 2005 through in or about April 2006.   Defendant does not recall

asking plaintiff whether plaintiff discussed the severance with anyone else."

and

3/15/07
2. A  Do you change your mind more than most people?

NO RESPONSE

B. Did you change your mind about whether to continue making pension

payments to the plaintiff?

C. Did you change your mind about whether to continue making pension

payments to the Plaintiff because of the alleged "culpable conduct"

mentioned in your Answer?

4/30/07
DEFENDANT'S RESPONSE to 2B and 2C

"................defendant denies that  she changed her mind about the severance

payments made to plaintiff from in or about July 2005 through in or about

April 2006 and denies that such payments were a "pension" as alleged in

the Complaint."

and

3/15/07

4.A  Did plaintiff ever ask you to sign a contract regarding his pension?

　　1. When, if anytime, did he do this?

　　2. Was the reason that Plaintiff did not request a contract in writing that

　　　　he wanted his relationship with you to be founded on mutual trust?

　　3. If not, what was the reason(s) for his inaction?

4/30/07

DEFENDANT'S RESPONSE

."...........................defendant denies that plaintiff had a "pension" as

defined in the Complaint or as suggested herein.  Defendant does

not recall being asked to sign such a writing.  Defendant denies

knowledge of why plaintiff acted or did not act as alleged in this case.

5/9/07

PLAINTIFF' S  RESPONSE

　　You were making PENSION payments to me so, as you know, your

answer is untrue.  You speak of "monthly severance" payments now for the

first time.  So then again.

1. Did your Attorney  Mr. Aron direct, suggest, or influence you to answer

　　in this way?

2. Why do so many of your checks made to the order of plaintiff between July 2005

　　and April 2007 display the memorandum "pension" or some abbreviation

　　for "pension"?  Please send me the unaltered images of said checks as requested

　　in my Request for Production of Documents dated March 15, 2007.  Your

　　failure to produce these check images will be noted by both judge and jury.

3. It has been nearly five months since you were served with my Complaint.

　　Why then has it taken all that time for you to discover that you were paying me

　　"severance"?

4. Prior to April 30, 2007 did you ever tell plaintiff or anyone else

13

you were making "severance" payments to plaintiff?

    a. If so, what are their names and addresses?

5. Was any reference to "severance" ever written or spoken

    by either plaintiff or defendant prior to April 30, 2007?

6. Did plaintiff ask you for "severance"?

7. Did you ever tell plaintiff your payments to him were "severance"?

8. Why were these purported monthly "severance" installments not paid monthly?

9. Why did these purported monthly "severance installments vary so markedly

    in the amounts paid to plaintiff?

10. Why would the plaintiff retire for $56,000 in "severance"?

NO RESPONSE

14

Colloquey regarding defendant's claim of plaintiff's "culpable conduct".

PLAINTIFF 3/15/07

You claim in your Answer to Plaintiff's Complaint that: "the alleged

damages to plaintiff were caused in whole or in part by the culpable

conduct of said plaintiff without any fault on the part of the answering

defendant."

.What is the exact nature of the alleged "culpable conduct" you claim

in the above statement?  Please describe it fully.

DEFENDANT'S RESPONSE 4/30/07

".....plaintiff engaged in "culpable conduct" in breach of his duties to defendant

over the years by (1)  discussing with others personal confidential and personal

business of defendant's without defendant's consent in ways that were personally

wounding and distressing to defendant; and 2) taking advantage of his position of

trust and defendant's advancing age and health problems to obtain or to attempt to

obtain money and benefits for himself at defendant's expense (including but not

limited to filing this lawsuit for a purported "pension" to which defendant never

agreed).

. 3/15/07 PLAINTIFF  When did the alleged "culpable conduct" occur?

4/30/07 DEFENDANT' S RESPONSE  ".............defendant does not know at

present the exact dates of plaintiff's "culpable conduct," but upon information

and belief it occurred from time to time during the years when plaintiff rendered

personal assistance to defendant and continues to the present day with this

spurious action seeking a "pension" to which plaintiff is not entitled."

3/15/07 PLAINTIFF

.What is (are) the name(s) and address(es) of persons, apart from

Plaintiff , if any,  involved in  the alleged "culpable conduct"?   Please

include  the name(s) of any witness(es) and their  address(es) as well

as the names of any other participant(s) and their address(es). in your

15

answer.

NO RESPONSE

5/9/07  PLAINTIFF

You have not answered my question, So again:

1. What is the exact nature of the alleged "culpable conduct" you claim?

2. Please fully describe what happened the last time it occurred?

3.In what month and year did the alleged "culpable" conduct last occur?

4.What are the names and addresses of persons, apart from plaintiff,
   involved the last time the alleged "culpable conduct" occurred.  Please
   include the names and addresses of any witnesses as well?

5.If the alleged "culpable conduct" has a long history why did you continue
   to make payments to plaintiff through on or about April 26, 2006?

6. If the alleged "culpable conduct" has a long history why did you continue
   to be on excellent terms with plaintiff until March or April of 2006?

NO RESPONSE

16

22122-2006

INTERROGATORY SET 1 consisting of  Interrogatories #1 - Interrogatories #3

Dear Mrs. Spencer:

This inquiry is not and should not be understood as an admission , implicit or otherwise,  that either you or your attorney have lawfully appeared or pleaded in these proceedings. The inquiry is made in accordance with Article 31 of the CPLR.

1. What are all the names you now use or have ever used?    Please list all your names in full.

2.  You claim in your Answer to Plaintiff's Complaint that: "the alleged damages to plaintiff were caused in whole or in part by the culpable conduct of said plaintiff without any fault on the part of  the answering defendant."

A.What is the exact nature of the alleged "culpable conduct" you claim in the above statement?   Please describe it fully.

B. When did the alleged "culpable conduct" occur?

C  .What is (are) the name(s) and address(es) of persons, apart from Plaintiff , if any,  involved in  the alleged "culpable conduct"?    Please include  the name(s) of any witness(es) and their  address(es) as well as the names of any other participant(s) and their address(es). in your answer.

3.. A Did you ever ask Plaintiff if he had told anyone about the pension he was receiving from you?

B. Did you ask this question of Plaintiff in 2006?

C. What was your reason(s) for asking this question?

D.  What was the Plaintiff's reply to your question?

ADMIT/DENY QUESTIONNAIRE  1  consisting of question #1  - question #3

17

22122-2006

ADMIT/DENY QUESTIONNAIRE  1  consisting of question #1  - question #3

Please answer questions #1 all parts,  #2  all parts, and #3 all parts

either  Yes or No.   Please write Yes or No on the line next to  the end

of each item.

1. A Was 1200 King Street, Rye Brook, New York 10573 your principal

mailing address on June 1, 2006 ? _____

   B  Was 1200 King Street, Rye Brook, New York 10573 your principal

residence on June 1, 2006?   _____

2. A   Do you change your mind more than most people?   _____

   B   Did you change your mind about whether to continue making

pension payments to the Plaintiff?   _____

   C.  Did you change your mind about whether to continue making

payments to the Plaintiff because of the alleged "culpable conduct"

mentioned in your Answer.?   _____

3.. A  Did any of the individuals listed below ever know of Plaintiff's employment

with you?  _____

Which of these individuals had such knowledge?   Please write yes next

 to  the name of  each individual who had such knowledge and write no

next to the name of each individual who did not have such knowledge.

| | |
|---|---|
| Eric Seltzer, Esq.  _____ | Robert Barnum, Esq._____ |
| Bernadine  O Shea _____ | Tamsin Ross_____ |
| Dr. Sally Beling _____ | Dr. Ken Meineker _____ |
| Dr. James Katus _____ | Diane Petroso _____ |
| Gerry White _____ | Dr. William Grace _____ |
| Diane Sperdutti _____ | Sofia DuBois _____ |
| Michael Fratello_____ | Ralph Murray _____ |
| Lucy Barnes _____ | Carolyn Meyer_____ |
| Fr. Stephen DeLuca _____ | Helen Meyers _____ |

3/

22122-2006

| | |
|---|---|
| Keith Varcoe _____ | Rev. Tom Oakes _____ |
| Vincent Tucciarone _____ | Kathryn Noone _____ |
| Robert Henrey_____ | Dr. John Schaefer _____ |
| Sylvia (Fran's friend) _____ | Dr. Robert Singer _____ |
| Dennis Lyndon _____ | Rev. Tim Keller_____ |

B Have any staff, past or present, at any of the entities listed below ever known of Plaintiff's employment with you? Please write yes next to those entities where a staff members) has had any knowledge of Plaintiff's employment with you and no next to the name(s) of those entities where he (she) (they) never had such knowledge.

Silver Hill Hospital , New Canaan, CT _____   Loews Denver Hotel _____

Sterling Glen, Rye Brook, NY _____        Calamigos Ranch, Malibu CA _____

Lindquist Agency, Greenwich, CT _____   Gould Farm, Monterey, MA _____

NY Polygraph & Lie Detection, NYC _____Four Seasons Place Boston_____

Surrey Hotel, NYC _____          Hyatt Regency Hotel, Greenwich, CT ____

Canyon Ranch, Lenox, MA _____        Toftree's State College, PA_____

Grace and White, NYC _____          Lexus of Greenwich _____

The Delamar, Greenwich, CT _____       Hampton Inn, Denville, NJ _____

Rudy's Limo, Greenwich____ _____       Pet Taxi, NYC _____

Greenwich Animal Hospital _____       Biscuits and Bath, NYC _____

Karis Community, Denver, CO. _____       Putnam Trust Co., Greenwich CT _____

Griffin Ford, Greenwich, CT _____        Insurance & Financial Services
                             Stamford, CT _____

Ivey, Barnum and O'Mara, Greenwich _____ Franciscan Oaks, Denville, NJ _____

4

19

22122-2006

Not to burden you I will pause for now. Please reply to Plaintiff within twenty days as required by law CPLR Rule 3133. I invite you to provide specific responses to all the claims found in my Complaint and will continue in this vein until all the claims raised in my Complaint have been specifically and completely addressed. Thank you for your anticipated cooperation.

dated at Rockaway, New Jersey on March 15 , 2007

Respectfully,

Robert E. Bernard
Plaintiff

5

20

Interrogatories Set #5 consisting of Inrerrogatory #9  in rebuttal    22122-2006
   to defendant's answer of April 30, 2007

Dear Mrs Spencer:
        You have made meaningful and completely truthful responses to only one of

plaintiff's questions... Your answers, or more properly,  lack of answers when

combined with your attorney's spurious and inappropriate "objections"  will speak

deafiningly loudly to both judge and jury.  Then,  please include in each of your answers

whether or not your Attorney Mr. Aron directed, suggested or  influenced you to

answer in the way you have.  As I said to you in our conversation of March 20,

2007, "just tell the truth"   I assure you that this court  will not permit

my claims  to go unexamined  and my questions to go unanswered..

Your newly -minted tale of purported "severance" is preposterous on its face.

     I also promise you that all these issues will be raised at trial before a judge

and jury.whatever you may or may not choose to answer truthfully here.

All you will accomplish through "stonewalling" is postpone the day when the

truth comes out.   If that "game is worth the candle" to you, well - go ahead.  I

can't stop you - but the court can.

PLAINTIFF'S REBUTTAL AND FOLLOW UP QUESTIONS TO DEFENDANT'S
ANSWER OF APRIL 30, 2007

9.  These are follow up questions to the few responses  which you

     made under oath before God. on April 30, 2007.

     A. Re Interrogatory  1
        Plaintiff's question:is What are all the the names you have ever used?

        So then again :

        1.Did you also use the names  Helen Miller; Helen Miller Grace;

           Helen Grace, HM Spencer McDermid, HMG Spencer McDermid,

           and other names as well?.

        2  What other names besides those 9 already mentioned in

            this matter have you used?

        3. What reason(s) do you have for using so many names?

for "pension"?   Please  send me the unaltered images of said checks as requested

in my Request for  Production of Documents dated March 15, 2007.  Your failure

to produce these check images will be noted by both judge and jury.

3.  It has been nearly five months since you were served with my Complaint..

Why then has it taken all that  time for you to discover that you were paying me

"severance"?

4.  Prior to April 30, 2007  did you ever tell plaintiff or anyone else

you were making "severance" payments  to plaintiff?

a. If so. what are their names and addresses?

5.  Was any reference to "severance" ever written or spoken

by either plaintiff or defendant prior to  April 30, 2007?

6.  Did plaintiff ask you for "severance" ?

7..  Did you ever tell plaintiff your payments to him were" severance"?

8..  Why were these purported monthly "severance" installments not paid monthly?

9..  Why did these purported  monthly "severance" installments  vary so markedly

in the amounts  paid to plaintiff?

10.  Why would the plaintiff retire for $56,000 in "severance"?

22122-2006

D.  You are being evasive by responding to a question I never asked.

Plaintiff never asked you if you knew  " what the foregoing individuals knew

or did not know about the terms and conditions of plaintiff's work as

defendant's personal assistant.? "  So  I will again ask you to answer.:

1. Which of these people do you believe knew that plaintiff worked for you?
(Select from list already provided to you)

E.  Again you are being evasive by responding to a question I never

asked.   Plaintiff never asked you if you knew "what the foregoing

entities (or employees thereof) know or do not know about the

terms and conditions of plaintiff's work as defendant's personal

12

assistant?"  So I will again ask you to answer:

    1. Which of these entities do you believe have or had employees who

knew that plaintiff worked for you?
        (Select from list already provided to you)

    F   Re your remark about your empowerment to give a

     one time gift of $1,000,000.

A half truth.   You made this disclosure to me while a guest

 at my home sometime in January 2006 before departing

on a vacation trip with me to Tucson, Arizona.  As you know

 I was not your Personal Assistant in January 2006.  I took

 your remark to mean you were considering making the

one time gift of one million dollars to me. So then again:

.1. Was I  your personal assistant in January 2006?

2. If not,  why did you make the disclosure to me?

3. Since I was then receiving a purported "severance" of

   just $56,000 why would you possibly tell me this

   before we're about to leave for a vacation.

                          22122-2006
4. If your remark was made with the intent of seeking my advice,

 , why  then didn't you ever ask me for this purported sought-after

 advice?

dated at Rockaway, New Jersey on May 9, 2007

 Respectfully,

*Robert E. Bernard*

Robert E. Bernard
Plaintiff

23

# EXHIBIT D

P 2

Martin W. Aron, Esq.
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Defendant
750 Lexington Avenue
New York, New York 10022


SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

ROBERT E. BERNARD,

                            Plaintiff,

        -v.-

HELEN GRACE SPENCER, a/k/a HELEN
GRACE McDERMID, a/k/a HELEN
McDERMID SPENCER,

                            Defendant.

Index No. 22122/06


DEFENDANT'S RESPONSES TO
INTERROGATORIES


        Defendant Helen Grace Spencer, by way of response to plaintiff's interrogatories,

responds as follows:

                    **GENERAL OBJECTIONS**

        1.      Defendant objects to Plaintiff's Interrogatories to the extent that Plaintiff incorrectly

**and overbroadly** defines words set forth therein.

        2.      Defendant objects to Plaintiff's Interrogatories to the extent that they seek

information not within Defendant's possession regarding non-parties, and statements not made or

authorized by Defendant.

        3.      Defendant objects to Plaintiff's Interrogatories insofar as they seek information

beyond the scope of any claim or defense asserted in this case.

4.      Defendant objects to Plaintiff's Interrogatories that are overly broad, irrelevant, vague and unduly burdensome; that go far beyond the allegations of any claim or defense asserted herein; that are not appropriately limited to subjects, times and areas relevant to this action; that require legal conclusions; and that are not calculated to lead to the discovery of admissible evidence.

5.      In responding, Defendant does not concede that any of the information requested is relevant to this action and expressly reserves the right to object to further discovery of any matter raised by this response, or any portion thereof.

6.      Defendant reserves the right to provide supplemental responses as additional information becomes available or is made known to Defendant.

7.      Defendant objects to Plaintiff's Interrogatories to the extent they seek information subject to the attorney-client, work product, or other applicable privilege.

8.      Defendant objects to Plaintiff's Interrogatories to the extent Plaintiff seeks information unrelated to any statement or claim by Defendant, and to the extend Plaintiff seeks information regarding the knowledge or state of mind of non-parties.

9.      Defendant objects to Plaintiff's Interrogatories to the extent Plaintiff seeks information not within the possession, custody, or control of Defendant regarding issues that are proper subjects for experts, which have not yet been designated.

10.     Defendant incorporates by reference the foregoing Objections in response to each Interrogatory whether or not set forth at length below.

Notwithstanding the foregoing Objections and without waiving same, Defendant responds as follows:

INTERROGATORY 1:  What are all the names you now use or have ever used?  Please list all your names in full.

RESPONSE:  Notwithstanding the foregoing General Objections incorporated herein by

- 2 -

25

reference and without waiving same, defendant has used the names Helen M. Grace, Helen Grace Spencer, and Helen Grace McDermid, and Helen Grace Spencer McDermid.

INTERROGATORY 2: You claim in your Answer to Plaintiff's Complaint that: "the alleged damages to plaintiff were caused in whole or in part by the culpable conduct of said plaintiff without any fault on the part of the answering defendant." A. What is the exact nature of the alleged "culpable conduct" you claim in the above statement? Please describe it fully.

RESPONSE: Notwithstanding the foregoing General Objections incorporated herein by reference and without waiving same, plaintiff engaged in "culpable conduct" in breach of his duties to defendant over the years by (1) discussing with others confidential and personal business of defendant's without defendant's consent in ways that were personally wounding and distressing to defendant; and (2) taking advantage of his position of trust and defendant's advancing age and health problems to obtain or to attempt to obtain money and benefits for himself at defendant's expense (including but not limited to filing this lawsuit for a purported "pension" to which defendant never agreed).

B.    When did the alleged "culpable conduct" occur?

RESPONSE: Notwithstanding the foregoing General Objections incorporated by reference herein and without waiving same, defendant does not know at present the exact dates of plaintiffs' "culpable conduct," but upon information and belief it occurred from time to time during the years when plaintiff rendered personal assistance to defendant and continues to the present day with this spurious action seeking a "pension" to which plaintiff is not entitled.

C.    What is (are) the name(s) and address(es) of persons, apart from Plaintiff, if any, involved in the alleged "culpable conduct"? Please include the name(s) of any witness(es) and their address(es) as well as the names of any other participant(s) and their address(es) in your answer.

- 3 -

26

RESPONSE:  Notwithstanding the foregoing General Objections incorporated herein by reference and without waiving same, defendant is not aware of any other person involved with or participating in plaintiff's "culpable conduct."

3. A.   Did you ever ask Plaintiff if he had told anyone about the pension he was receiving from you?
B.   Did you ask this question of Plaintiff in 2006?
C.   What was your reason(s) for asking this question?
D.   What was the Plaintiff's reply to your question?

RESPONSE:  Notwithstanding the foregoing General Objections incorporated herein by reference and without waiving same, defendant denies that she paid to plaintiff a "pension" as alleged in the Complaint.  Instead, defendant voluntarily paid to plaintiff a monthly severance from the time plaintiff ceased working as defendant's personal assistant in or about July 2005 through in or about April 2006.  Defendant does not recall asking whether plaintiff discussed the severance with anyone else.

1.A.   Was 1200 King Street, Rye Brook New York 10573 your principal mailing address on June 1, 2006?  Admit.

B.   Was 1200 King Street, Rye Brook, New York 10573 your principal residence on June 1, 2006?  Admit.

2.A.   Do you change your mind more than most people?
B.   Did you change your mind about whether to continue making pension payments to the Plaintiff?
C.   Did you change your mind about whether to continue making payments to the Plaintiff because of alleged "culpable conduct" mentioned in your Answer?

RESPONSE:  Notwithstanding the General Objections incorporated by reference herein and without waiving same, and notwithstanding defendant's objection to these interrogatories as unduly harassing and vexatious, defendant denies that she changed her mind about the severance

- 4 -

27

payments made to plaintiff from in or about July 2005 through in or about April 2006 and denies

that such payments were a "pension" as alleged in the Complaint.

        3.A.    Did any of the individuals listed below ever know of Plaintiff's employment with you?

        Which of these individuals had such knowledge? Please write yes next to the name of each individual who had such knowledge and write no next to the name of each individual who did not have such knowledge.

| | | | |
|---|---|---|---|
| Eric Seltzer, Esq. | _____ | Robert Barnum, Esq. | _____ |
| Bernadine O'Shea | _____ | Tamsin Ross | _____ |
| Dr. Sally Beling | _____ | Dr. Ken Meineker | _____ |
| Dr. James Katus | _____ | Diane Petroso | _____ |
| Gerry White | _____ | Dr. William Grace | _____ |
| Diane Sperdutti | _____ | Sofia DuBois | _____ |
| Michael Fratello | _____ | Ralph Murray | _____ |
| Lucy Barnes | _____ | Carolyn Meyer | _____ |
| Fr. Stephen DeLuca | _____ | Helen Meyers | _____ |
| Keith Varcoe | _____ | Rev. Tom Oakes | _____ |
| Vincent Tucciarone | _____ | Kathryn Noone | _____ |
| Robert Henrey | _____ | Dr. John Schaefer | _____ |
| Sylvia (Fran's friend) | _____ | Dr. Robert Singer | _____ |
| Dennis Lyndon | _____ | Rev. Tim Keller | _____ |

      RESPONSE:  Notwithstanding the foregoing General Objections incorporated by

reference herein and without waiving same, defendant avers that she does not know what the

foregoing individuals know or do not know about the terms and conditions of plaintiff's work as

defendant's personal assistant.

     B.     Have any staff, past or present, at any of the entities listed below ever known of Plaintiff's employment with you?  Please write yes next to those entities where a staff member has had any knowledge of Plaintiff's employment with you and no next to the name(s) of those entities where he (she) (they) never had such knowledge.

| | |
|---|---|
| Silver Hill Hospital, New Canaan, CT _____ | Loews Denver Hotel _____ |
| Sterling Glen, Rye Brook, NY _____ | Calamigos Ranch, Malibu, CA _____ |
| Lindquist Agency, Greenwich, CT _____ | Gould Farm, Monterey, MA _____ |
| NY Polygraph & Lie Detection, NYC _____ | Four Seasons Place, Boston _____ |
| Surrey Hotel, NYC _____ | Hyatt Regency Hotel, Greenwich, CT _____ |
| Canyon Ranch, Lenox, MA _____ | Toftree's State College, PA _____ |
| Grace and White, NYC _____ | Lexus of Greenwich _____ |
| The Delamar, Greenwich, CT _____ | Hampton Inn, Denville, NJ _____ |
| Rudy's Limo, Greenwich, CT _____ | Pet Taxi, NYC _____ |
| Greenwich Animal Hospital _____ | Biscuits and Bath, NYC _____ |
| Karis Community, Denver, CO _____ | Putnam Trust Co., Greenwich, CT _____ |
| Griffin Ford, Greenwich, CT _____ | Insurance & Financial Services Stamford, CT _____ |
| Ivey, Barnum and O'Mara, Greenwich _____ | Franciscan Oaks, Denville, NJ _____ |

RESPONSE:  Notwithstanding the foregoing General Objections incorporated by reference herein and without waiving same, defendant avers that she does not know what the foregoing entities (or employees thereof) know or do not know about the terms and conditions of plaintiff's work as defendant's personal assistant.

4.A.    Did plaintiff ever ask you to sign a contract regarding his pension?
    1.    When, if anytime, did he do this?
    2.    Was the reason that Plaintiff did not request a contract in writing that he wanted his relationship with you to be founded on mutual trust?
    3.    If not, what was the reason(s) for his inaction.

RESPONSE:  Notwithstanding the foregoing General Objections incorporated by reference herein, defendant denies that plaintiff had a "pension" as defined in the Complaint or as suggested herein.  Defendant does not recall being asked to sign such a writing.  Defendant denies knowledge of why plaintiff acted or did not act as alleged in this case.

5.A.    Did you tell Plaintiff that you had been empowered by the terms of one of your trusts to make a one-time gift of one million dollars to any person of your choosing?
  B.    If this is not exactly what you told Plaintiff, what did you tell Plaintiff exactly?
  C.    Did you tell this to plaintiff in 2006?
  D.    How many people had you told this before telling Plaintiff?
    1.    What are their names and addresses?
  E.    How many people have you told about this after telling Plaintiff?
    1.    What are their names and addresses?
  F.    What was your reason(s) for telling plaintiff about your empowerment?

RESPONSE:  Notwithstanding the foregoing General Objections and without waiving same, defendant avers that she did disclose to plaintiff a trust that contemplated a one-time gift as alleged.  Other than attorney-client communications regarding trust documents, which remain confidential, defendant discussed the empowerment with Gerry White, her business adviser, in or about April 2007.  Defendant confided such information in plaintiff due to plaintiff's position as defendant's personal assistant, in which defendant trusted plaintiff with information regarding her financial affairs.

# EXHIBIT E

# EDWARDS ANGELL PALMER & DODGE LLP

51 John F. Kennedy Parkway   Short Hills, NJ 07078  973.376.3700  *fax* 973.376.3380  eapdlaw.com

June 27, 2007

Mr. Robert Bernard
82 Timberbrook Road
Rockaway, NJ  07866

      Re:   Bernard v. Spencer

Dear Mr. Bernard:

      I am writing in response to your letter dated June 24, 2007 following up on my recent telephone message.

      Please be advised that this office has been unable to communicate directly with Ms. Spencer regarding discovery or settlement due to her recent hospitalization and current health. Thank you in advance for your understanding during this difficult time.

                  Very truly yours,

                  Mary L. Moore

Cc:    Martin Aron, Esq.